LEVI JONES, *et als.*, complainants in equity, *vs.* WINTHROP SAVINGS BANK.

Kennebec, 1876.—July 3, 1876.

*Tax.*

The charter of the defendant bank expired by operation of law when the decree of sequestration against it was passed.

The tax upon savings banks provided by the statute of 1872, c. 41, § 1, as finally amended by the laws of 1875, c. 47, § 1, is a tax upon the franchise of the bank, and first becomes a subsisting debt against the bank, when the return of the average deposits therein required, should be made.

Such tax cannot be recovered of a bank whose charter had previously expired by a decree of sequestration.

ON EXCEPTIONS.

BILL IN EQUITY, by the complainants, trustees of the Winthrop savings bank, praying for a sequestration and equitable distribution of their assets.

September 27, 1875, the decree of sequestration was passed, and commissioners were appointed to receive and decide upon all claims against the institution, and make report to the court, of the claims allowed and disallowed.

A receiver was appointed with direction to take possession of all the assets, and possession was taken by him, October 2, 1875.

The average amount of gross deposits "for the last preceding six months ending October 30, 1875," was $112,558.91, as appeared by the semi-annual return of the treasurer.

The state of Maine duly presented to the commissioners, its claim for a tax of one-half of one per cent. on the average deposits for that period, to wit: the sum of $562.79.

The commissioners made report to this court, from which it appears that the claim of the state for the tax was disallowed.

The state seasonably filed written objection to the acceptance of the report, by reason of the disallowance, and asked that the claim might be allowed.

The presiding justice affirmed the action of the commissioners in disallowing the claim ; and the state alleged exceptions.

*L. A. Emery*, attorney general, for the state, claimed that the corporation still existed and had these deposits, though a receiver might be administering the assets ; that the tax was on the deposits, and attached to them at once, as they were paid in ; that the right of the state arose then, and not on the last Saturday, etc., and that the receiver should continue to pay this tax as long as the deposit remained exempt from local tax, and he held the assets of the bank.

*E. O. Bean*, for the bank.

DANFORTH, J.   By the statute of 1872, c. 74, as finally amended in 1875, c. 47, § 1, savings banks are required to pay to the state treasurer one-half of one per centum on the average amount of its gross deposits as held on the first Saturday of each and every month, for the last six months prior to a return of such deposits, which is to be made by the bank "on the last Saturday preceding the first Monday of May and November of each year."   In this case, the state claims the amount of a tax alleged to be due from the Winthrop savings bank for the six months prior to the last Saturday preceding the first Monday of November, 1875.

On the 27th day of September, 1875, upon complaint of the trustees of that bank, a decree of sequestration was passed and a receiver appointed, who subsequently, on the second day of October, 1875, took possession of all the assets of the bank.

The question now presented is, whether the tax claimed is a valid one.

If, under the statute, the tax first becomes a valid subsisting

claim against the bank when the return is made, it is clear that in this case it cannot be recovered. At that time the decree of sequestration had been passed, and, as was required by the statute, the receiver had taken possession of all the assets for the purposes therein specified. R. S., c. 47, §§ 99, 101.

No debt can accrue against the bank after the decree of sequestration. This is the end of its existence. No debts can be paid except such as the commissioners allow ; and they can allow none except such as are outstanding at the date of the decree. After the payment of such debts, the balance is to be ratably distributed among the depositors. R. S., c. 47, § 101.

The effect of this decree upon the charter must be at least as decisive as a perpetual injunction upon the charter of a bank of discount, in which case it has been held as fatal to its further existence. *Wiswell et als.* v. *Starr et als.*, 48 Maine, 401. *Dane et al.* v. *Young et als.*, 61 Maine, 160.

Upon the supposition, then, that the tax accrues at the date of the return, the receiver cannot pay it ; for the commissioners cannot allow it. The bank cannot pay ; for all its assets have passed to other hands and for other purposes, and the bank as such has ceased to exist.

But it is claimed that the tax is upon the deposits, and therefore accrues as soon and as often as a deposit is made. We cannot consider this position as tenable, or if it were that the result claimed would follow. The statute provides that the return shall be made by the bank. Upon this return the tax is based, and under the law can rest upon no other foundation. If there is no return, there can be no tax. Besides, the only remedy provided in the statute for the recovery of the tax in case of non-payment, is by warrant of distress against the bank, "to enforce payment out of its estate." The statute must have contemplated a bank in existence at the time the return is required to be made. No provision is made for any other return, or for any satisfaction of the tax, except by a warrant against the bank to be satisfied out of its estate. At the same time, by the other statute under the decree of sequestration, all the assets are to be appropriated to other purposes. We are thus led to the conclusion, that it was

the intention of the legislature that the tax should take effect from the date of the return, and be levied only upon a bank whose charter had not previously expired.

The nature of the tax tends to the same conclusion. It is not a tax upon property, for no property is specified or referred to. Nor can it be a tax upon deposits; for no particular deposit pays the tax or any specific part of it. A deposit withdrawn before the return, pays no part of it, though it may materially affect the amount to be paid. It must then be a tax upon the bank, or what is the same thing, upon its franchise. It does not, and cannot attach to any other thing. Nor can it be sustained under the constitution as a tax upon property or deposits; for as such, it would not be uniform upon all property or all deposits. This question has been so fully argued and clearly settled in Massachusetts, under a statute similar to ours, in *Commonwealth* v. *The People's Five Cents Savings Bank,* 5 Allen, 428, that we need consider it no further.

As a tax upon the franchise, it cannot bear the date of any deposit; nor can it be conceded that "the legislature made the assessment once for all." It fixed the basis upon which it was to be made; but a tax can hardly be said to be assessed until the amount is made certain. In this case, the amount cannot be ascertained even by computation, until the return is made. The deposits constantly varying, the average also must vary. This case differs materially from *State* v. *Waldo Bank,* 20 Maine, 470. That was a tax upon the capital, and made definite and fixed by the act; and the bank, though it had surrendered its charter, still continued to exist as a bank.

The tax, as a tax upon the franchise, must bear the date of the return. It rests upon that as a means of ascertaining the amount at that particular time. The reference to the deposits, for the previous six months, is for no other purpose than simply to ascertain the amount of business done, as one method of ascertaining the value of the franchise and the amount of tax it should pay from time to time.

The result is, that the tax is one upon the franchise of the bank, and becomes a subsisting debt only when the return is, or by law

should be made. In this case, before that period had arrived, the charter had expired by force of the decree of sequestration, and consequently nothing was left upon which the tax can rest; and the state has no valid claim. *Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.