RUSSELL GRAY *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.   Nov. 12, 1884. — Jan. 10, 1885.   FIELD, DEVENS, & COLBURN, JJ., absent.

Money deposited in a national bank, and bearing no interest, is liable to be taxed to the depositor, under the Pub. Sts. *c.* 11, § 4, without any deduction on account of debts due from him.

PETITION for a writ of certiorari, to quash the proceedings of the respondents in refusing to abate a tax assessed upon the petitioner. Hearing before *Devens*, J., who allowed a bill of exceptions, in substance as follows:

The petitioner filed a list of his estate with the board of assessors of the city of Boston on June 6, 1883, in accordance with the provisions of the Pub. Sts. *c.* 11, in which he stated that, on May 1, 1883, the amount of his indebtedness was $1000, and that he had on that day $1343.36 on deposit in a national bank in said city, on demand, bearing no interest; and contended that he was entitled to offset his indebtedness against the sum of money so on deposit. The board of assessors, however, assessed

the petitioner upon the whole amount of the $1343.36, as cash in hand, and delivered to him a bill for the tax, which he paid under protest. The petitioner thereupon duly applied to the board of assessors for an abatement of said tax, and, upon his application being refused, he duly applied to the respondents, acting in their capacity as county commissioners for the county of Suffolk, for an abatement of said tax; but the respondents refused to abate the same, and ruled, as matter of law, that the amount of the petitioner's indebtedness could not be offset against the said amount on deposit. The petitioner thereupon filed this petition. The presiding justice ordered that the petition be dismissed, for the reason that the above ruling of the respondents was correct, as matter of law; and the petitioner alleged exceptions.

*W. F. Wharton*, for the petitioner.

*A. J. Bailey*, for the respondents.

MORTON, C. J. The statutes provide that "personal estate shall, for the purposes of taxation, include goods, chattels, money, and effects, wherever they are, ships and vessels at home or abroad, except as provided in section eight, money at interest, and other debts due the persons to be taxed more than they are indebted or pay interest for." Pub. Sts. *c.* 11, § 4.

If this provision stood alone, it might be a question of some difficulty whether money deposited in a bank, subject to be drawn at any time by check, should be treated as money on hand, liable to be taxed in full, or as a debt due the person to be taxed, liable to be taxed only after deducting the amount for which he is indebted.

Undoubtedly a bank is the debtor of the depositor to the amount of the deposit remaining in its possession; but the word "money" means money on hand, and it would not be a strained construction to hold that it was intended to include money at the immediate command of the tax-payer, and deposited in the usual way in a bank for safety and convenience. But the whole statute must be construed together, and we find in other parts of the same chapter decisive indications as to what the intention of the Legislature was. Subsequent sections make careful provisions as to the duties of assessors in assessing taxes and preparing the valuation list. Pub. Sts. *c.* 11, §§ 50 *& seq.* They

furnish a form of valuation list, the fifth column of which is intended to contain a "description of all ratable cash assets," and provide that, in this column, the assessors shall enter the "amount of money at interest more than the person assessed pays interest for, including public securities; the amount of money on hand, including deposits in any bank or in any savings bank, which is not exempted by law from taxation;" and other kinds of personal estate. This is a legislative construction of the fourth section, and shows beyond question that it was intended that money on deposit in a bank should be included in and form a part of the money on hand, which is made liable to taxation without any deduction on account of debts due by the person assessed. We find no provision of the statute which does not support this view.

We are therefore of opinion that this petition for a certiorari cannot be sustained.                    *Exceptions overruled.*