STATE OF VERMONT *vs.* BRADFORD SAVINGS BANK AND TRUST COMPANY, JAMES B. HALE, Receiver.

October Term, 1898.

Present: Ross, C. J., ROWELL, TYLER and THOMPSON, JJ.

Opinion filed February 3, 1899.

*Franchise Tax—V. S. 583.*—The tax assessed by V. S. 583 against every savings bank and trust company incorporated in this State "and doing business herein," upon the average amount of its deposits after certain deductions, is a franchise tax, and the right to lay it is measured in point of time by the exercise on the part of the corporation of the rights and privileges essential to the operation of its business. Therefore, while the corporation is enjoined from transacting business, on the petition of the state inspector of finance, and a receiver is winding up its affairs, it is not doing business, within the meaning of the statute, and is relieved from the payment of the tax.

*Costs.*—Unless allowed by statute, costs are not recoverable against the State.

PROCEEDINGS instituted by the commissioner of state taxes, upon permission of the chancellor, to determine the

liability of the defendant for certain taxes. Heard upon an agreed statement of facts, at the September term, 1898, Chittenden county, *Ross*, C. J., presiding. The court rendered a *pro-forma* judgment for the defendant to recover its costs. The plaintiff excepted.

*D. J. Foster*, commissioner of state taxes, for the plaintiff.

The tax in question is a property tax, although the amount of such property is determined by the amount of deposits.

The statute levies the tax so long as the corporation continues to do business. This corporation is still doing business. The appointment of a receiver does not dissolve the corporation nor in any way interfere with its existence. If the bank was winding up its affairs through its officers, no question could be made as to the fact that it was "doing business." In point of fact, it is winding up its affairs through the agency provided by law. *Dewey* v. *St. Albans Trust Co.*, 56 Vt. 476; *Gibbes* v. *Greenville R. Co.*, 17 S. C. 403: 12 Am. & Eng. R. R. Cases 429.

Since then the corporation is still in existence, since it holds property which it is bound to distribute among its depositors, and since it is, through the proper agency, preparing so to do, and therefore doing business, it matters not whether the tax in question be deemed a franchise or a property tax.

*John H. Watson* for the defendant.

THOMPSON, J. The defendant is a savings bank and trust company incorporated by this State, and for some years prior to the first day of February, 1898, was doing business at Bradford, in Orange county. It was assessed and paid taxes to the State, as required by §§ 583 and 584 of the Vermont Statutes, up to January 1, 1898. On the first day of February, 1898, the inspector of finance, having ascertained, as he believed, that the defendant was insolvent, made application to the court of chancery for an injunction

against it and its officers, and such proceedings were had thereon that on the day last aforesaid an injunction was issued by the court and James B. Hale was appointed receiver to take charge of the property and effects of the defendant. Said suit is entitled, Hosea Mann, Inspector of Finance *v*. Bradford Savings Bank and Trust Company, and is still pending in the court of chancery in said county. Since the issuing of the injunction and the appointment of the receiver, the defendant has not been doing business in this State or elsewhere, beyond what has been done by the receiver, and he has done no business except to proceed in the winding up of the affairs of the defendant, as provided in §§ 4054 to 4064, inclusive, of Vermont Statutes, under orders of the court of chancery. For the purposes of this suit, it is agreed that the assets of the defendant are less than its liabilities.

The commissioner of state taxes has furnished the receiver with the necessary blanks to be filled out and returned for a basis of taxation as provided in chapter 31, Vermont Statutes, but the receiver has refused and does refuse to fill out and return the same, claiming that the defendant is not subject to such taxation, and particularly not after said injunction was issued and its affairs went into the hands of the receiver. No one but the receiver and a clerk employed by him have access to the books of the defendant. By the terms of the injunction, it was enjoined from transacting any business as such Savings Bank and Trust Company, or in its behalf.

Chapter 31 of Vermont Statutes, being §§ 547 to 594, inclusive, is entitled, Taxation of Corporations. Section 547 is as follows: "A State tax for the payment of State expenses is hereby assessed upon the property, business or corporate franchises of this State, of railroad, insurance, guaranty, express, telegraph, telephone, steamboat, car and transportation companies, sleeping-car companies, savings banks, savings institutions and trust companies, mortgage,

loan or investment companies, and other corporations and persons, associations, societies or firms, as provided in this chapter, and shall be payable in money to the state treasurer for the use of the State."

Section 583 is as follows: "Every trust company or savings bank and trust company incorporated by this State, and doing business herein, shall pay a tax to the state treasurer, which is hereby assessed, at the rate of seven-tenths of one per cent. annually, upon the average amount of its deposits, including money or securities received as trustee under order of court or otherwise, deducting therefrom the average amount, if any, of its capital and accumulations invested in United States government bonds, also, the average amount of the assessed valuation of the real estate owned by such corporation, and also the amount, if any, of individual deposits in excess of fifteen hundred dollars each, listed to the depositors in towns of this State where such depositors reside."

Section 584 provides that "the taxes assessed by the preceding section shall be paid semi-annually, one-half in the month of February and one-half in the month of August, and shall be based upon the returns for the six months terminating with the last day of December, and June next preceding. No other tax shall be assessed on such deposits or accumulations in savings banks, nor on such deposits in trust companies, and savings banks and trust companies, nor against the depositors on account thereof, except individual deposits exceeding in the aggregate fifteen hundred dollars."

No question is made in regard to the right of the legislature to tax corporations of this kind in this way, but it is claimed that the tax assessed by said § 583 is a franchise tax, and that the right to thus tax is measured, in point of time, by the exercise, on the part of the Bradford Savings Bank and Trust Company, of the rights and privileges essential to the operation of the business, to

carry on which it was incorporated, by actually doing business in this State, and that it ceased to be doing such business within the meaning of this section, February 1, 1898, when it was enjoined, and consequently is not liable to pay this tax while its present status continues.

In *Provident Institution* v. *Massachusetts*, 6 Wall. 611, the United States supreme court, speaking by Mr. Justice *Clifford*, said: "Franchise taxes are levied directly by an act of the legislature, and the corporations are required to pay the amount into the state treasury. They differ from property taxes, as levied for state and municipal purposes, in the basis prescribed for computing the amount, in the manner of assessment, and in the mode of collection, and they are in lieu of all other taxation, state or municipal. Comparative valuation in assessing property taxes is the basis of computation in ascertaining the amount to be contributed by an individual, but the amount of a franchise tax depends upon the business transacted by the corporation and the extent to which they have exercised the privileges granted in their charter." In that case, it was held that a tax based upon the average amount of deposits was a franchise tax. Such has also been the holding of the courts in *Society for Savings* v. *Coite*, 6 Wall. 594; *State of Maryland* v. *Central Savings Bank*, 67 Md. 290; *Jones* v. *Winthrop Savings Bank*, 66 Me. 242; *Commonwealth* v. *Lancaster Savings Bank*, 123 Mass. 493; *Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen 428. In the case at bar, the tax is levied directly by an act of the legislature and is payable into the state treasury. It is not levied upon the property of the bank, which must consist of chattels, money, notes, stocks, bonds and other evidences of indebtedness, or real estate. The amount of its deposits shows the indebtedness of the corporation to its depositors, and does not necessarily bear any relation to the actual value of its taxable property. There is no assessment of property to ascertain its value in comparison with the value of other

taxable property in the community. The amount of the tax is determined solely by the extent of the business of the corporation as measured by the average amount of its deposits for the time for which the tax is assessed, after making the deductions specified. On authority and reason, it is clear that it is a franchise tax, and V. S. 547 makes it clear that it was intended to be such a tax.

This view is also harmonious with the limiting words, "and doing business herein," in § 583. These words must be construed to have reference to the ordinary business of the corporation, conducted by itself under its corporate powers. *Commercial Bank* v. *Sherman*, 28 Oregon 573: 52 Am. St. 811; *Florsheim, etc., Co.* v. *Lester*, 60 Ark. 120: 46 Am. St. 162; *American Glucose Co.* v. *New Jersey*, 43 N. J. Eq. 280; *Cooper Mfg. Co.* v. *Ferguson*, 113 U. S. 727. When the Bradford Savings Bank and Trust Company was enjoined from doing business in the suit instituted by the state inspector of finance, it ceased to transact its ordinary business or any other, and ceased to be doing business in this State within the meaning of § 583, and consequently ceased to be liable to pay this franchise tax.

The judgment below was for the defendant to recover its costs. Unless allowed by statute, costs are not recoverable against the State. We have no statute permitting their recovery.

> *Pro-forma judgment for the defendant reversed.*
> *Judgment for the defendant without costs.*