CITY NATIONAL BANK *vs.* CHARLES BAKER COMPANY,
CITY OF WORCESTER, intervenor.

Worcester.    September 30, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Tax. Receiver.*

A receiver of a corporation cannot be taxed on money in his hands though deposited in his name as receiver. The legal title is in the company for which and its creditors the receiver is agent.

PETITION of the city of Worcester to intervene in a suit brought by the City National Bank against the Charles Baker Company, in which a receiver had been appointed, alleging, that the receiver had in his hands on May 1, 1900, cash to the amount of $51,520.10 available for the purpose of paying a dividend to the creditors of the company, and was on that day lawfully assessed in the city of Worcester for taxes upon personal property in the sum of $656, and praying for an order of the court that the taxes be paid as a preferred claim out of the assets in the hands of the receiver, filed June 12, 1900.

In the Superior Court, the case was heard by *Maynard*, J., who made a decree dismissing the petition ; and the intervenor appealed. At the request of the intervenor, the judge reported the case on the pleadings and agreed facts for the determination of this court.

*A. P. Rugg & E. I. Morgan*, for the intervenor.

*T. H. Gage, Jr.*, for the receiver.

HOLMES, C. J.   It does not appear precisely what the nature of the present suit is.   But it sufficiently appears that the property of the defendant company is in the hands of a receiver, and that the city of Worcester seeks by the petition before us to make him pay a tax assessed to him upon that property, so far as it is personal.   The real estate and machinery were assessed to the defendant corporation until they were sold.   The question is whether a receiver is taxable for personal property of a corporation in his hands.   In order to make him so of course a statute · must be shown which by a fair construction covers his case.

Chapter 165 of the acts of 1882, taxing property held by assignees in insolvency, bankruptcy, or for the benefit of creditors under a voluntary assignment, plainly does not extend to receivers by any possible construction of its words, and therefore we lay that on one side.   No one knows better than the intelligent counsel for the city the vanity of the suggestion that a tax may be sustained as within the spirit of a statute, if it is not covered by the words.   The only other section upon which the city relies is Pub. Sts. c. 11, § 20.   To bring the case within some clause of that section the city has to contend and does contend that the receiver is the owner of personal property in his hands.   But we regard it as too well settled for argument that a receiver is not owner unless an assignment is executed for the purpose of making him so, or a statute gives to his appointment an effect which it is beyond the power of a court of equity to give.   *Ellis* v. *Boston, Hartford & Erie Railroad,* 107 Mass. 1, 28.   *Wilson* v. *Welch,* 157 Mass. 77, 80.   *Hayward* v. *Leeson,* 176 Mass. 310, 325.   *Union Bank of Chicago* v. *Kansas City Bank,* 136 U. S. 223, 236.   *Portman* v. *Mill,* 8 L. J. (N. S.) Ch. 161, 165.   *Chautauque County Bank* v. *Risley,* 19 N. Y. 369.   There is no more reason for regarding the receiver as owner of the personal than of the real estate, and the city recognized that the defendant company still owned the latter by assessing it for a tax, which has been paid.

The only difficulty in the case arises from the fact that before May 1, 1900, the property had been sold, turned into money and deposited in banks, a part, to be sure, in the name of the company, but a part in the name of the receiver as such.   As to this last it might be argued that when money is put into a bank

the depositor is only a creditor, and that the creditor must have the legal title to the debt, as he is the one to sue at law to collect it. If he has the legal title, although only as trustee, it may be said, he is liable to a tax.    When we get close to the line of legal distinctions, technicalities often necessarily determine the precise place of division, although the general nature of the distinction depends upon larger considerations.    Nevertheless it would be a matter for regret if a technicality having no relation to the policy of the law principally concerned should make the difference as to whether that law applied or not.    If the statutes do not mean to tax identified money in the hands of a receiver when he locks it up in his box in the safety vault of a bank, naturally their policy would be to leave it equally untaxed if he adopted the more usual course of depositing it to a special account.    To the business mind one transaction is just like the other.    Deposits are included in "money on hand" by the statute.    Pub. Sts. c. 11, § 53.    *Gray* v. *Street Commissioners of Boston*, 138 Mass. 414, 416.    The legal difference between the two has little or no relation to the principle of the tax.

Of course money in the hands of an agent or of any person standing in a fiduciary capacity does not become his simply because it is money.    That error is exploded.    *Marvel* v. *Babbitt*, 143 Mass. 226.    *In re Hallett's estate*, 13 Ch. D. 696, 714, 715. *Taylor* v. *Plumer*, 3 M. & S. 562, 575.    So long as he does his duty and keeps it apart from his own it belongs to the principal, or is marked with the trust, to the same extent as any other property.    Therefore money as such in a receiver's hands is no more taxable than the land or chattels from which it was derived. It seems to us that the same result should be worked out when he deposits the money to his separate account as receiver.    In order. to reach that result without impairing the *elegantia juris* we may say that the company is the true principal, whether named or not in the deposit, and therefore in the latter case, as in the former, remains the legal owner of the fund.    The receiver represents the interests of the company and of creditors, and is to be presumed to act in the way most advantageous for them. The agency is indicated by the title attached to his name.

In the absence of an assignment by the party, or a statute, the taxation of corporate property is not changed by the appointment

of a receiver, although by reason of the corporation's being insolvent and its shares having become valueless, the franchise is not taxed. *Commonwealth* v. *Lancaster Savings Bank,* 123 Mass. 493. It is not argued that the corporation is dissolved. See *Coburn* v. *Boston Papier Maché Manuf. Co.* 10 Gray, 243, 245. The present tax of course does not purport to be a tax upon the franchise but upon money in the receiver's hands.

*Decree affirmed.*