COLLECTOR OF TAXES OF LAKEVILLE *vs.* BAY STATE STREET
RAILWAY, Wallace B. Donham, receiver.

Suffolk. December 4, 1919. — January 6, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* Commutation tax. *Street Railway. Receiver. Practice, Civil,* Parties.

The commutation tax provided by St. 1909, c. 490, Part III, §§ 47, 48, 50, is neither a property tax nor an excise tax upon the franchise of the carrier as a corporation and its right to exist and to do business; but it is an excise tax upon the operation of street railway and electric railroad companies in public ways.

Upon the appointment by the District Court of the United States for the District of Massachusetts of a receiver of the property of the Bay State Street Railway Company, the title of the property of the corporation was not diverted from the corporation and transferred to the receiver: he became its custodian but not its owner.

By the appointment of the receiver above described, the corporation was not dissolved either in form or in substance.

The continued operation, by the receiver above described, of the street railway as a common carrier was in the exercise of the rights and franchises of the street railway corporation.

A tax was assessed upon a street railway company under St. 1909, c. 490, Part III, §§ 47, 48, 50, for a year beginning on October 1. In December of that year a receiver of the property of the corporation was appointed under a decree by the authority of which he continued the operation of the street railway as a common carrier and which authorized him "to pay all taxes due or to become due from the said" street railway company "or any part thereof." *Held*, that the appointment of the receiver did not operate to make the corporation not liable for the tax for that part of the year following such appointment, and that the receiver should pay the tax when assessed.

The requirements of St. 1909, c. 490, Part III, §§ 47, 48, 50, as to the filing of a return under oath by the president and treasurer of a street railway company, containing information which forms the basis of the tax to be assessed, makes it the duty of the receiver, appointed as above described, to furnish to such officers the information necessary for the making of such returns.

An action to collect the tax above described was brought against both the corporation and the receiver by leave of the court which appointed the receiver. No question was raised by the defendant as to the form of the action. In holding that, under the decree appointing him, the receiver should pay the tax, it *was said*, that judgment in the action should run against the corporation.

CONTRACT by the collector of taxes of the town of Lakeville against the Bay State Street Railway Company and Wallace B. Donham, receiver of that corporation under a decree of the District Court of the United States for the District of Massachusetts, seeking to recover the balance of a commutation excise tax assessed under St. 1909, c. 490, Part III, §§ 47, 48, 50. Writ dated September 30, 1919.

The defendants in their answer admitted all the material allegations of fact in the declaration.

In the Superior Court, *Hitchcock*, J., without a decision, reported the case, upon the pleadings and the facts thus agreed to, to this court for determination.

St. 1909, c. 490, Part III, §§ 47, 48, 50, are as follows:

"Section 47. A street railway or an electric railroad company, including a company whose lines are located partly within and partly without the limits of the Commonwealth, whether chartered or organized under the laws of this Commonwealth or elsewhere, shall annually, on or before the fifteenth day of October, make and file in the office of the board of assessors of every city and town in which any part of the railway or railroad operated by it is sit-

uated a return signed and sworn to by its president and treasurer, stating, in the case of a street railway company, the length of track operated by it in public ways and places in such city or town, and also the total length of track operated by it in public ways and places, and in the case of an electric railroad company stating the length of track operated by it longitudinally upon public ways and places in such city or town, and also the total length of track operated by it, determined as provided in section forty, and also the amount of its gross receipts during the year ending on the preceding thirtieth day of September, including therein all amounts received by it from the operation of its railway or railroad, but excluding income derived from the sale of power, rental of tracks or other sources.

"Section 48.    On or before the first day of November annually, the assessors of every city and town in which a street railway or an electric railroad is operated, including a company whose lines are located partly within and partly without the limits of the Commonwealth, whether chartered or organized under the laws of this Commonwealth or elsewhere, shall assess on each company described in the preceding section operating a railway or railroad therein an excise tax of an amount equal to such proportion of the following percentages of the gross receipts of such company as, in the case of a street railway company, the length of tracks operated by it in public ways and places of such city or town bears to the total length of tracks operated by it in public ways and places, and in the case of an electric railroad company as the length of tracks operated by it longitudinally in public ways and places of such city or town bears to the total length of tracks operated by it.

"The percentages shall be based upon the annual gross receipts for each mile of track as follows, and computed upon the aggregate of said annual gross receipts: four thousand dollars or less, one per cent; more than four thousand dollars and less than seven thousand, two per cent; more than seven thousand dollars and less than fourteen thousand, two and one quarter per cent; more than fourteen thousand dollars and less than twenty-one thousand, two and one half per cent; more than twenty-one thousand dollars and less than twenty-eight thousand, two and three quarters per cent; twenty-eight thousand dollars or more, three per cent.

"The excise tax provided by this section shall be in addition to the taxes otherwise provided by law."

"Section 50. Prior to the fifteenth day of November in each year the assessors of every city and town shall notify the collector of taxes thereof of the amount of excise tax assessed therein under the provisions of section forty-eight, and the collector shall forthwith notify the treasurer of each street railway and electric railroad company of the amount of excise tax so assessed upon it, which shall become due and payable within thirty days after the receipt of such notice. The provisions of Part II, so far as appropriate, shall apply to the collection of such excise tax."

*W. G. Rowe*, for the plaintiff.

*S. H. Pillsbury*, (*A. P. Lowell* with him,) for the defendants.

RUGG, C. J. This is an action at law by the collector of taxes of the town of Lakeville to recover the balance of the commutation excise tax assessed under the general tax act St. 1909, c. 490, Part III, §§ 47, 48, 50. The tax was assessed upon the Bay State Street Railway Company for the period between October 1, 1917, and September 30, 1918, and was a single tax assessed as a unit. The street railway company operated its railway through its own officers until December 12, 1917, when the District Court of the United States for the District of Massachusetts appointed as its receiver the defendant Wallace B. Donham, who immediately took possession of its property and franchises and operated the same for the remainder of the period. This action is brought by permission of the district court of the United States.

The question is, whether under these circumstances the tax was lawfully assessed for one sum for the entire period without regard to the intervention of the fact of receivership.

The commutation excise tax upon street railways was established by the Legislature as a uniform rule for money payments to take the place of and to be in substitution for the heterogeneous requirements of the general law in connection with the varying conditions contained in grants of locations made by the several boards of aldermen and selectmen as to repairs of parts of streets in which street railway tracks were laid. The history is set forth in *Springfield* v. *Springfield Street Railway*, 182 Mass. 41, and *Worcester* v. *Worcester Consolidated Street Railway*, 182 Mass. 49. The purpose of the legislation, which was first embodied in St. 1898,

c. 578, was to impose upon the cities and towns responsibility for the care of streets and highways and to relieve the street railways therefrom (with exceptions not here material), and to provide in substitution for pre-existing obligations and privileges the obligation on the part of the street railway companies to pay, and the privilege on the part of the municipalities to receive, the commutation excise tax. The words of the statute, its history and the reasons for its enactment, lead to the conclusion that the tax is an excise upon the operation of the street railway in public ways. It manifestly is not a property tax upon the physical assets of the street railway company. That is covered by other sections of the law so far as concerns its real estate, poles and wires. Part I, §§ 3, 15, 23, cl. 2; Part III, §§ 40, 41, 42 and 45. *Connecticut Valley Street Railway* v. *Northampton,* 213 Mass. 54. St. 1913, c. 458. *Northern Massachusetts Street Railway* v. *Westminster,* 227 Mass. 547. That it is not an excise tax upon the franchise as a corporation and the right to exist and do business as such is equally clear. Part III, §§ 43, 44, 46, provide for that kind of a tax. The terms of said §§ 47 and 48 render certain the inference that the tax there exacted is for the privilege of operation of the street railway in public ways. No tax can be levied unless there have been receipts from the actual operation of the railway exclusive of revenue derived from other sources. Operation for revenue being the basis of this tax, there is no apparent reason why such a tax should not be paid if the tracks in the highways are used for operation of the railway for the purpose of obtaining receipts. The theory, upon which by general law and by conditions in the grants of locations the obligation was imposed upon street railways to keep parts of streets in which their tracks were laid in repair, was that the presence of the tracks in streets and the operation of cars over them imposed more frequent and extensive repairs than otherwise would have been required, and hence that some of this expense ought to be borne by the street railway. *Newcomb* v. *Norfolk Western Street Railway,* 179 Mass. 449. *Mayor & Aldermen of Worcester* v. *Worcester Consolidated Street Railway,* 192 Mass. 106.

The title to the property of the street railway company was not transferred to the receiver. He became its custodian, not its owner. He was the officer of the court making the appointment and his possession was the possession of the court. The purpose

of his appointment was to conserve the property of the company. The nature of the property and assets of the company could be best preserved by its continued operation. His operation of it as a common carrier was in the exercise of the rights and franchises of the street railway company. Although he was not the agent of the company, he used all its privileges. Property taxes still rightly would be assessed to the company. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. *Harrison* v. *J. J. Warren Co.* 183 Mass. 123. The corporation is not dissolved in form or in substance. Being a common carrier, its property is affected with a public interest. One object of the receivership of such a corporation is to enable it to continue the exercise of its corporate franchises and functions and to avert a suspension of their operation with the consequent inconvenience to the travelling public and loss of revenue and loss of good will, and the prevention of change of custom by the public as to their patronage of it. Property in the hands of a receiver is not withdrawn from taxation. Property taxes rightly are assessed against the company. It is the plain duty of the court to see that such taxes are paid. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. *Harrison* v. *J. J. Warren Co.* 183 Mass. 123. *In re Tyler*, 149 U. S. 164, 183. *Kirkpatrick* v. *Board of Assessors*, 28 Vroom, 53. *Coy* v. *Title Guarantee & Trust Co.* 135 C. C. A. 658. Since the franchises of the corporation are exercised for the benefit of its creditors, there is no reason on principle why excises based on such use of its franchise should not also be paid by the receiver. The authorities are to this effect. *Central Trust Co.* v. *New York City & Northern Railroad*, 110 N. Y. 250. *State* v. *Sessions*, 95 Kans. 272, 279. *New York Terminal Co.* v. *Gaus*, 204 N. Y. 512. *Bright* v. *Arkansas*, 162 C. C. A. 148; 249 Fed. Rep. 950. *In re United States Car Co.* 15-Dick. 514.

There is nothing in the phraseology of said §§ 47, 48, 50 of Part III of the tax law which render them inapplicable to the facts here disclosed. The tax is assessed on the street railway company by express terms. The return containing the information on which the tax is to be levied must be made under oath by its president and treasurer. There is no insuperable difficulty in this being done. These corporate officers must still be in existence. It is the duty of the receiver to furnish them the data on which

to make the return.   The words of those sections are used in a
"comprehensive sense sufficiently broad to include parties hold-
ing the relation to a corporation which receivers of a railroad
corporation usually do."   *Wall* v. *Platt,* 169 Mass. 398, 401.   The
decision in that case supports inferentially the conclusion here
reached.   It there was held that receivers of a railroad were
liable to action under a statute holding "every railroad corpora-
tion" responsible in damages for injuries resulting from "fire
communicated by its locomotive engines."

There is nothing in the pertinent sections of the statute which
affords solid foundation for the contention that the appointment
of a receiver makes any break in the period for which the tax is
assessed.   There has been no change in ownership.   The purpose
of the operation has been all the while the benefit of the street
railway company and its creditors and the public.   The same
franchise of operation has been continuously exercised for the
same ultimate property and public interests.   The principles
discussed and applied in *Natick & Cochituate Street Railway*
v. *Wellesley,* 207 Mass. 514, are not apposite to the facts here
disclosed.

There are numerous cases which have held that a corporation
in the hands of a receiver is not subject to a franchise tax.   Those
are cases, however, where the corporation has been prohibited by
law or by injunction from exercising its franchises and the receiver
is not using them, or the corporation is in process of liquidation.
*Commonwealth* v. *Lancaster Savings Bank,* 123 Mass. 493.   *Green-
field Savings Bank* v. *Commonwealth,* 211 Mass. 207.   It was in
this connection that it was said by Chief Justice Holmes in *City
National Bank* v. *Charles Baker Co.* 180 Mass. 40, 43, that when
a corporation was insolvent and in the hands of a receiver "the
franchise is not taxed."   Under such circumstances the mere
franchise to be a business corporation has under our tax laws no
value which is made subject to taxation.   *Johnson* v. *Johnson
Brothers,* 108 Maine, 272.   *State* v. *Bradford Savings Bank,* 71 Vt.
234.   These cases have no pertinency to the facts here disclosed.
The decision in *United States* v. *Whitridge,* 231 U. S. 144, con-
strued a different kind of a statute and is not of controlling sig-
nificance on the facts here disclosed.

It is the duty of the receiver to pay the tax when it is assessed.

Under the decree whereby he was appointed, the receiver was authorized "to pay all taxes due or to become due from the said Bay State Street Railway Company or any part thereof."

It is alleged in the declaration and admitted by the answer that this action is brought by leave of the district court of the United States. That means by inference that the action is brought against both defendants by such leave. No question is raised by the defendants as to the form of judgment. It has been held that it may run against both. *Cincinnati, New Orleans & Texas Pacific Railway* v. *Commonwealth,* 21 Ky. Law Rep. 418. See, in this connection, *Boston* v. *Turner,* 201 Mass. 190, 195, and cases cited. Since the plaintiff raises the question, we think that it should run against the street railway company. The company is the one against whom the excise is assessed. The franchises which are exercised as the basis for the excise belong to it and not to the receiver. He is simply the custodian. Cases where personal liability is established are of a different nature. The plaintiff has leave to discontinue without costs against the receiver. Judgment is to be entered in favor of the plaintiff for the full amount claimed against the Bay State Street Railway Company.

*So ordered.*