Marshall, C. J.
 

 This record presents for determination two questions: First, whether or not the franchise tax assessed against Ohio corporations under Section 5503, prior to its amendment in 1925, accrues during such period as a receiver is continuing the business of a manufacturing corporation and employing the plant and equipment in carrying out the purposes for which the corporation was organized; second, whether or not such franchise tax is a lien entitled to payment prior to a mortgage.
 

 This latter question has not been seriously urged by counsel representing the mortgage, and Section 5506 clearly establishes the priority of lien, if the franchise tax is a valid claim. The first question is one of mixed law and fact. The question whether a corporation in the hands of a receiver continuing the business is subject to the' franchise tax has never been determined by this court. The question has been discussed by Courts of Appeals of the state in different districts, and has also been discussed by the federal courts of the districts of Ohio, but all of those cases were decided upon their own peculiar facts. There is enough difference between the facts of the instant case and the facts of those several cases to render them of doubtful value, and, in any event, they are not sufficiently numerous,
 
 *101
 
 nor do they cover a sufficient period of time, to establish a principle.
 

 In
 
 Bright
 
 v.
 
 Arkansas,
 
 249 F., 950, the United States Court of Appeals of the Eighth Circuit held, that a franchise tax should be assessed against a railroad corporation in the hands of a receiver. Manifestly a railroad enterprise in a receiver’s hands would be operated in exactly the same way as though it were in full control of its board of directors. It was conceded in argument by counsel on both sides, and this court concurs, that the real test is whether or not the business of the corporation is being continued. No definite standard has ever been declared; neither would it be possible in the nature of things for any court to declare a definite standard as to the volume of business to be transacted, nor the ratio of the business transacted to the capacity of the plant and equipment, though it is obvious that these matters are important in determining the question of fact. When it is established as a matter of fact that the business is being continued by the receiver, the application of the law to the facts found presents no difficulty. The suit in which the receiver was appointed was what is usually called an administration suit to protect the property against dissipation and waste, and to maintain it as a going concern in order to preserve the good will, either for the purpose of eventually restoring it to complete control or to make sale of the property as a going concern. In this case, the ultimate purpose of the suit was not indicated in the original bill where the receiver was appointed. Neither do we find anything in the further applications of the receiver, nor in the orders of the court,
 
 *102
 
 to indicate the final outcome of the matter until approximately a year after the receiver was appointed, at which time he reported to the court that in his opinion it should he sold. The purpose of the creditors in filing the bill, and the purpose of their representative, the receiver, in conducting the business, as expressed in his further applications and the orders of the court obtained by him, become material to the inquiry. This was the inquiry which was in fact conducted in the Court of Appeals, where all these matters were developed, and where it appeared that the plant, equipment, and capital were employed for the same purposes as before the receivership, though on a reduced scale, and that the business was conducted in competition with other manufacturers of automobiles. The Court of Appeals determined the question of fact, and determined that the claim was a valid one, and that it was the first and best lien upon the property. This determination was made, as it could only be made, upon the theory that the business was in fact being continued by the receiver. This cause is in this court only for the purpose of reviewing questions of law and determining whether or not the correct rules of law were applied to the facts found. The Court of Appeals was better qualified than this court to determine the questions of fact, and by rule of this court, as well as by statute and long-continued practice, this court does not weigh the evidence. There is abundant evidence from which the Court of Appeals could have reached the conclusion that the business of the corporation as declared in its corporate purposes was being continued by the receiver, and this court will
 
 *103
 
 not substitute its judgment for that of tbe Court of Appeals. We have therefore reached the conclusion that the evidence adduced before the Court of Appeals justified its findings of fact, and that the rules of law were correctly applied. The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Robinson, Jones and Matthias, JJ., concur.