*In re* DETROIT PROPERTIES CORP.

1. LICENSES—CORPORATIONS—PRIVILEGE   FEE—EXCISE   TAX   ON FRANCHISE "TO DO."

Corporation privilege fee is excise tax, not on right to be corporation, but on activities of corporation in exercise of its corporate franchise, or on franchise "to do," not on franchise "to be" (2 Comp. Laws 1929, § 10140).

2. SAME—TAX IS IMPOSED ON RIGHT TO TRANSACT, NOT ON ACTUAL TRANSACTION.

Actual transaction of business by domestic corporation is not condition of privilege tax, but it is imposed on right to transact business (2 Comp. Laws 1929, § 10140).

3. CORPORATIONS—RECEIVERS—LICENSES—WHEN RECEIVER' LIABLE FOR FRANCHISE TAX.

Receiver of corporation is liable for franchise or privilege tax where he operates the business of the corporation under order of court, since he is exercising the franchise "to do," and whether it be private corporation or public utility is immaterial.

Imposition of franchise or excise tax on corporation in hands of receiver, see annotation in 18 A. L. R. 700; 26 A. L. R. 426.

4. SAME—ON RECEIVERSHIP FRANCHISES PASS TO CONTROL OF COURT.
   On receivership, corporation is not divested of its franchises, nor do they lapse, but court merely takes them into its custody for a time; the franchise "to do" passing into control of court.

5. SAME—RECEIVER IS OFFICER OF COURT.
   Receiver of corporation is creature or officer of court, and is not agent of corporation.

6. SAME—RECEIVER TAKES PLACE OF CORPORATION AND OFFICERS.
   Receiver of corporation conducting its business takes place of corporation and its officers for purpose of performing necessary corporate duties and functions, and has same powers for such purposes, but he cannot act in excess of corporate powers, and court cannot invest him with authority to that extent.

Certiorari to Corporation Tax Appeal Board. Submitted April 7, 1931. (Docket No. 9, Calendar No. 35,451.) Decided June 1, 1931.

Union Guardian Trust Company, receiver of the Detroit Properties Corporation, a Michigan corporation, was ordered to pay an annual privilege fee by the Secretary of State. Receiver appealed to Corporation Tax Appeal Board, where the order of the Secretary of State was affirmed. Receiver reviews affirmance of the order by certiorari. Affirmed.

Beaumont, Smith & Harris (M. S. Harlan and Richard W. Larwin, of counsel), for plaintiff.

Paul W. Voorhies, Attorney General, and Charles Rubiner, Assistant Attorney General (Alice E. Alexander, of counsel), for defendant.

FEAD, J. This is certiorari to the corporation tax appeal board to review affirmance of a levy of corporation privilege tax by the secretary of State.

The Detroit Properties Corporation was incorporated under the laws of this State to buy and hold

real estate, stocks, bonds, or other securities and to deal in the same. A bill of complaint was filed against it by a creditor, alleging, in substance, that the corporation was solvent but confronted with immediate financial embarrassment and praying, among other things, for the appointment of a receiver, with authority to continue the business of the defendant and "to protect and preserve its franchise and privileges." The court appointed Union Guardian Trust Company temporary receiver with the usual powers and also authority—

"in general to operate the business of the defendant as fully as the defendant operated same and in the manner best calculated in the opinion of the receiver to fully protect that business, to the end that the business of the defendant may be preserved as well as its assets."

The issue is whether the corporation is subject to the privilege fee which, by 2 Comp. Laws 1929, § 10140, every domestic corporation is required to pay "for the privilege of exercising its franchise and of transacting its business within this State," and which accrued after the appointment of the receiver and its taking control of the corporate property and business. The question is one of first impression with this court.

The privilege fee is an excise tax, not upon the right to be a corporation, but upon the activities of the corporation in the exercise of its corporate franchise, or, as it is sometimes expressed, upon the franchise "to do," not upon the franchise "to be." *Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich. 261, 272; *In re Detroit & Windsor Ferry Co.,* 232 Mich. 574; *In re Truscon Steel Co.,* 246 Mich. 174; *Cobbs & Mitchell* v. *Corporation Tax Appeal Board,* 252 Mich. 478, 481. Actual transaction

of business by a domestic corporation is not a condition of the tax. It is imposed on the right to transact. *In re G. H. Hammond Co.*, 246 Mich. 179; 2 Comp. Laws 1929, § 10140.

In all the cases cited or found, where the power to impose a similar tax during receivership has been denied, it has appeared that the corporation was insolvent, or in process of liquidation, or had been prohibited by law or injunction from exercising its franchises, or the proceedings were for dissolution, the receiver was not operating the business, and the life or right of the corporation to do business had ceased. *Jones* v. *Winthrop Savings Bank*, 66 Me. 242; *Johnson* v. *Johnson Brothers*, 108 Me. 272, 296 (80 Atl. 741, 750, Ann. Cas. 1913 A, 1303); *State* v. *Bradford Savings Bank*, 71 Vt. 234 (44 Atl. 349); *Commonwealth* v. *Lancaster Savings Bank*, 123 Mass. 493; *Greenfield Savings Bank* v. *Commonwealth*, 211 Mass. 207 (97 N. E. 927); *Keeney* v. *Dominion Coal Co.* (D. C. [Ohio]), 225 Fed. 625; *State of Ohio* v. *Harris* (C. C. A.), 229 Fed. 892.

In holding a receiver liable for a tax "for the privilege of operation of the street railway in public ways" in *Collector of Taxes* v. *Railway*, 234 Mass. 336, 342 (125 N. E. 614), the court used language applicable to all the above cases:

"There are numerous cases which have held that a corporation in the hands of a receiver is not subject to a franchise tax. Those are cases, however, where the corporation has been prohibited by law or by injunction from exercising its franchises and the receiver is not using them, or the corporation is in process of liquidation."

The cases in which the power to tax has been upheld are many, but some of them have aspects which

cause them to be more or less distinguishable from that at bar.

In some States the tax is on the franchise of the corporation "to be" and seems to be collectible until legal dissolution or its equivalent. *Kirkpatrick* v. *Board of Assessors*, 57 N. J. Law, 53 (29 Atl. 442); *In re United States Car Co.*, 60 N. J. Eq. 514 (43 Atl. 673); *Duryea* v. *American Woodworking Machine Co.* (D. C. [N. J.]), 133 Fed. 329; *Conklin* v. *United States Shipbuilding Co.* (D. C. [N. J.]), 148 Fed. 129; *In re Malko Milling & Lighting Co.* (D. C. [Md.]), 32 Fed. (2d) 825; *State* v. *Bradley*, 207 Ala. 677 (93 South. 595, 26 A. L. R. 421).

In some other States statutes provide for the collection of such taxes from a receiver. The courts, however, have not laid decision upon the ground that such special provision created the liability of the receiver for franchise taxes, but have founded liability upon general principles as well. *Bright* v. *State of Arkansas* (C. C. A.), 249 Fed. 950; *Armstrong* v. *Emmerson*, 300 Ill. 54 (132 N. E. 768, 18 A. L. R. 693). In Ohio, where such a statute exists, it has been held, in conformity with the rule elsewhere, that an insolvent corporation which could not exercise its franchise is not subject to the tax when under receivership. *Keeney* v. *Dominion Coal Co., supra; State of Ohio* v. *Harris, supra.* But where the receiver continued the business of the corporation, the tax was sustained. *Morley* v. *Cleveland Hippodrome Co.*, 23 Ohio C. C. (N. S.) 295; *Gerke Brewing Co.* v. *Kuerze*, 7 Ohio App. 37; *Guardian Savings & Trust Co.* v. *Templar Motors Co.*, 116 Ohio St. 95 (155 N. E. 691).

The New York statute, Cahill's Consol. Laws of New York, 1930, Chap. 61, § 209, usually reported in the cases as "Consol. Laws, C. 60," provides a

tax on corporations generally, ''for the privilege of exercising its franchise in this State in a corporate or organized capacity;'' and for railroad companies in substantially the same language (Chap. 61, § 184). See *People* v. *State Tax Comm.*, 189 App. Div. 347 (178 N. Y. Supp. 486). It is held that the tax may be levied during a receivership when the receiver is authorized to carry on the business of the corporation. *Central Trust Co.* v. *Railroad Co.*, 110 N. Y. 250 (18 N. E. 92, 1 L. R. A. 260) ; *People* v. *State Tax Comm., supra; New York Terminal Co.* v. *Gaus*, 204 N. Y. 512 (98 N. E. 11) ; *People* v. *Hopkins* (C. C. A.), 18 Fed. (2d) 731; *Providence Engineering Corp.* v. *Downey Shipbuilding Corp.* (D. C. [N. Y.]), 8 Fed. (2d) 305. See, also, *New York Trust Co.* v. *Island Oil & Transportation Co.* (D. C. [N. Y.]), 7 Fed. (2d) 416; *Philadelphia & R. R. Co.* v. *Commonwealth*, 104 Pa. 80.

To complete the review of authorities, we are informed by counsel that the Federal district court of the western district of Michigan and the standing master in chancery of the eastern district, in unreported cases, have sustained the Michigan tax under conditions similar to those at bar.

It appears, then, that the courts are unanimous in holding a receiver liable for the franchise or privilege tax where he operates the business of the corporation. May the rule be sustained in principle?

Plaintiffs seek to draw a distinction between public utility corporations with special and public functions and private corporations, but we do not find that the courts have done so, except in *Mather's Sons' Co.'s Case*, 52 N. J. Eq. 607 (30 Atl. 321), where it was pointed out that the receiver of a public utility corporation must pay the tax because it is his duty to preserve the franchise, while the receiver of

a private corporation pays only as long as he uses the franchise, and, when the corporation is adjudged insolvent, the obligation ceases; and in master's report in *Providence Engineering Corp.* v. *Downey Shipbuilding Corp., supra,* p. 308, where the distinction was denied. A private corporation obtains its powers from the State, as does a public utility, and if the receiver uses the franchise of the corporation when he carries on the business, there is no basis for the distinction claimed.

Plaintiffs also stress *United States* v. *Whitridge,* 231 U. S. 144 (34 Sup. Ct. 24), in which the court held that the Federal corporation tax is not assessable while the corporation is under receivership. The decision has been cited in many of the cases upon the instant question and variously distinguished. We have not discovered that it has been held authority by any court for denial of the right to levy a franchise tax on a corporation under receivership, although there is *dictum* to that effect. *In re Continental Candy Co.* (D. C. [N. Y.]), 291 Fed. 773; *Bright* v. *State of Arkansas, supra.* In the latter case it was held not controlling of the instant question, as against the weight of authority and uniformity of decision. Fundamentally, in *United States* v. *Whitridge,* the court held that the Federal tax was not upon the corporate franchise or right to do business, but upon the act of doing business by the corporation itself. The opinion demonstrates that the ruling was a special construction of a special law with a special background and purpose and was not founded upon, and did not establish, general principles applicable to other laws.

The cases holding that a trustee in bankruptcy is not liable for the tax are not pertinent. They point out that, unlike a receiver, the trustee takes the

whole title to the corporate property, and, in operating the business, he does so as an individual, and does not exercise the corporate franchises. *In re Continental Candy Co., supra; In re Century Silk Mills* (D. C. [N. Y.]), 12 Fed. (2d) 292.

On receivership, the corporation is not divested of its franchises, nor do they lapse. The court merely takes them into its custody for a time. The franchise "to do" passes to control of the court. *Detroit, etc., R. Co.* v. *Campbell,* 140 Mich. 384; *Grand Rapids Trust Co.* v. *Carpenter,* 229 Mich. 491; *United States* v. *Whitridge, supra.*

The receiver is the creature or officer of the court and is not an agent of the corporation. *Face* v. *Hall,* 183 Mich. 22. But when he is authorized to carry on the business of the corporation, his authority does not come wholly or solely from the equity powers or jurisdiction of the court. The grant of corporate powers is a legislative function. The court, out of its own powers, cannot confer them upon an individual. It could not authorize the receiver to conduct a business not within the corporate charter. The power of the court to authorize the receiver to continue the business of the corporation exists only because the court has become the custodian of the corporate franchises. In so authorizing, it merely directs the person who shall exercise powers belonging to the corporation by legislative grant.

"The receiver of a corporation, conducting its business, takes the place of the corporation and its officers for the purpose of performing the necessary corporate duties and functions, and has the same powers for such purposes, while on the other hand, he cannot act in excess of the corporate powers and the court cannot invest him with authority to that extent." 14–A C. J. p. 1005.

So it follows that, in conducting the business under order of court, the receiver is exercising the franchise "to do" of the corporation. Substantially all the above authorities sustaining the tax so hold. See, also, *State* v. *Sessions*, 95 Kan. 272, 278 (147 Pac. 789).

The tax is on the franchise, and, as the franchise is being exercised by the receiver, the tax is valid. This ruling is confined to the case before us and without prejudice to the contentions of counsel as to liability under other circumstances.

The determination of the board is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.