In re NELSON BROTHERS CO.

STATE v. GALBRAITH.

1. CORPORATIONS—STATUTES—PRIVILEGE TAXES—EXTENSION OF TIME FOR PAYMENT.

The purpose of statute providing terms and conditions upon which certain profit corporations whose charters had become void through operation of law could be reinstated and voidance of charter waived was to give such corporations additional time in which to pay privilege taxes (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 91, Pub. Acts 1931; Act No. 67, Pub. Acts 1935).

2. SAME—CONSTRUCTION OF STATUTES.

A statute extending the time within which a corporation might pay its privilege taxes and avoid forfeiture of its charter is remedial and should be liberally construed in favor of the corporation (Act No. 67, Pub. Acts 1935).

3. TAXATION—CORPORATIONS—PRIVILEGE FEES.

The obligation of a corporation to pay the privilege tax is a liability that becomes due and owing on the date prescribed by law (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 91, Pub. Acts 1931).

4. SAME—PRIVILEGE FEES—PAYMENT BY RECEIVERS.

The privilege fee required to be paid by the general corporation act is in the nature of an excise tax for the right to do business rather than the right to be, or exist, and it must be paid by the receiver who continues to carry on the business of the corporation (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 91, Pub. Acts 1931).

5. CORPORATIONS—LICENSES.

The actual transaction of business by a domestic corporation is not a condition of the privilege fee required to be paid by the general corporation act, the tax being imposed on the right to transact business (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 91, Pub. Acts 1931).

6. SAME—PRIVILEGE FEE—STATUTES—EXTENSION OF TIME—RE-
CEIVERS.

> Under statute extending time within which corporations might
> pay their privilege fees but containing no language excusing
> it from the payment of the fee for the period of the ex-
> tension, the fee would be payable although the corporate
> transactions were conducted during such period by a receiver
> (2 Comp. Laws 1929, § 10140, as amended by Act No. 13,
> Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 91, Pub. Acts
> 1931; Act No. 67, Pub. Acts 1935).

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 4, 1941. (Docket No. 130, Calendar No. 41,605.) Decided May 21, 1941.

In the matter of the petition of Edward B. Galbraith and others, directors of Nelson Brothers Company, a corporation, for dissolution of said corporation. Edward B. Galbraith was appointed receiver. The State of Michigan filed a claim for franchise fees for 1936, which was disallowed. Plaintiff appeals. Reversed and remanded, with instructions to allow the claim.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Gregory H. Frederick,* Assistant Attorney General, for plaintiff.

*Heilman & Purcell,* for defendant.

BUTZEL, J. The State of Michigan has appealed from the denial of its claim for franchise fees for the year 1936 against the receiver of Nelson Brothers Company, a Michigan corporation. The State filed a claim for $7,015.02, for corporation privilege taxes under 2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1940, § 10140, Stat. Ann. § 21.205), The receiver tendered the sum of

$4,010.07. This amount excluded the sum of $2,804.95, which was claimed by the State for the 1936 privilege fee. The State appeals from a decision sustaining the position of the receiver.

The corporation charter automatically became void on September 1, 1935, under Act No. 327, § 91, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 10135-91, Stat. Ann. § 21.91). On September 5, 1935, upon petition of the corporation and payment of one-fourth of the fees then delinquent, the State granted an extension of time for payment of the balance due until May 1, 1937, in accordance with Act No. 67, § 1, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10135-91d, Stat. Ann. § 21.238), and thereby reinstated the company with full and complete corporate powers. On August 31, 1936, when the privilege fee of 1936 became due, the State extended the time for payment to May 1, 1937, in accordance with Act No. 67, Pub. Acts 1935. The corporation subsequently paid delinquent privilege fees for the years 1933 and 1934, but no other fees were paid.

There is only one question involved in the case. Act No. 67, Pub. Acts 1935, provides that if any corporation shall fail to pay the balance due within such extended time, the charter shall become void *as of the date of final extension.* Does this mean that the corporation could do business after August 31, 1936, and until May 1, 1937, and be exempt from payment of the 1936 privilege fee and claim, under its interpretation of the act, that its charter was void during such interim, notwithstanding the fact that it continued to do business without the payment of such privilege fee? There is no direct language in the act that excuses the corporation from payment of the privilege fee for the extended period. The salutary purpose of Act No. 67, Pub. Acts 1935, was to give corporations additional time in which to

pay the privilege taxes. The statute, being reme-
dial, should be liberally construed in favor of the
corporation to avoid forfeiture of its charter. De-
fendant contends that the act retroactively voids
the corporation's charter as of the date when the
last extension was granted, but that it nevertheless
could do business and be a live corporation without
payment of the privilege fee in the interim. The
applicable rule is well stated by Justice Cardozo in
*Michigan* v. *Michigan Trust Co.*, 286 U. S. 334, 346
(52 Sup. Ct. 520, 76 L. Ed. 1136), as follows:

"To protect through a receiver the enjoyment of
the corporate franchise and then to use the appoint-
ment as a barrier to the collection of the tax would
be an injustice to the State and a reproach to
equity."

While the cited case presented somewhat different
facts, it nevertheless fully discusses the Michigan
law and particularly refers to *In re Detroit Proper-
ties Corp.*, 254 Mich. 523, and notes the distinction
therein made between a corporation's right to "be,"
or exist, and the right to "do," or transact, busi-
ness. The obligation of a corporation to pay the
privilege tax is a liability that becomes due and ow-
ing on the date prescribed by law. *In re Johnston-
Newton Co.*, 225 Mich. 53. The privilege fee re-
quired by Act No. 327, Pub. Acts 1931, is in the
nature of an excise tax for the right to *do* business
rather than the right to *be,* or exist, and it must be
paid by the receiver who continues to carry on the
business of the corporation. *In re Detroit Prop-
erties Corp., supra; Detroit Trust Co.* v. *Detroit City
Service Co.*, 265 Mich. 312. In *Re Detroit Properties
Corp., supra*, 525, 526, 531, we said:

"The privilege fee is an excise tax, not upon the
right to be a corporation, but upon the activities of
the corporation in the exercise of its corporate fran-

chise, or, as it is sometimes expressed, upon the franchise 'to do,' not upon the franchise 'to be.' *Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich. 261, 272; *In re Detroit & Windsor Ferry Co.,* 232 Mich. 574; *In re Truscon Steel Co.,* 246 Mich. 174; *Cobbs & Mitchell* v. *Corporation Tax Appeal Board,* 252 Mich. 478, 481. Actual transaction of business by a domestic corporation is not a condition of the tax. It is imposed on the right to transact. *In re G. H. Hammond Co.,* 246 Mich. 179; 2 Comp. Laws 1929, § 10140. * * *

"So it follows that, in conducting the business under order of court, the receiver is exercising the franchise 'to do' of the corporation. Substantially all of the above authorities sustaining the tax so hold. * * *

"The tax is on the franchise, and, as the franchise is being exercised by the receiver, the tax is valid."

In 1937, Act No. 53 (Comp. Laws Supp. 1940, § 10135-92f *et seq.,* Stat. Ann. 1940 Cum. Supp. § 21.243 *et seq.*), was passed, extending the time for payment of privilege fees, upon certain conditions, to September 1, 1939. It stated at the end of section 1 of the act that "if any corporation shall fail to pay the balance due within such extended time, the charter shall become void as of the date of the expiration of the period for which said charter may be extended by the Michigan corporation and securities commission." While the later statute uses more explicit language, we do not believe that it in any way constitutes a change from the former act, and we hold that Act No. 67, Pub. Acts 1935, did not grant the corporation the right to do business during such extended period without payment of the privilege tax or avoid and make unlawful the transactions of the corporation during the period of the extension, or provide that the corporation had ceased to func-

tion lawfully during the interim in which it was transacting business. The claim should be allowed.

The order of the lower court is reversed and the case remanded with instructions to allow the claim of the State for the full amount of its claim with interest. A public question being involved, no costs will be allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.