138

The Kroger Company, Appellee, *v.* Lindley, Tax Commr., Appellant.

(No. 78-100—Decided December 4, 1978.)

*Messr. Vorys, Sater, Seymour & Pease* and *Mr. Kenneth D. Beck,* for appellee.

*Mr. Wlliam J. Brown,* attorney general, and *Ms. J. Elaine Bialczak,* for appellant.

LOCHER, J. The issue presented is whether that portion of the taxpayer's bulk purchase of fuel oil used for other purposes (6.41 percent) is subject to the use tax, where the primary use of the fuel oil, the propelling of motor vehicles on the public highways, is exempt from the use tax, pursuant to R. C. 5739.02(B)(6).[1]

The statutory scheme of taxation applicable to the facts herein is one of exemplary clarity. R. C. 5735.05 levies a motor vehicle fuel excise tax on dealers upon the use, distribution or sale within the state of motor vehicle fuel. Said section, in relevant part, reads:

_____

[1] R. C. 5739.02(B)(6) is made applicable to use tax by R. C. 5741.02 (C)(2).

"* * * [A]n excise tax is hereby imposed on all dealers in motor vehicle fuel upon the use, distribution, or sale within the state by them of motor vehicle fuel * * *."

Motor vehicle fuel subject to the excise tax imposed by R. C. 5735.05 is exempt from the use tax according to R. C. 5739.02, which provides:

"(B) The tax does not apply to the following:

"* * *

"(6) Sales of motor vehicle fuel upon receipt, use, distribution, or sale of which in this state a tax is imposed by the law of this state * * *."

However, certain uses of motor vehicle fuel precipitate a refund of the motor vehicle fuel excise tax. R. C. 5735.14 provides, in relevant part:

"Any person who uses any motor vehicle fuel, on which the tax imposed by section 5735.05 of the Revised Code has been paid * * * [for] any purpose other than the propulsion of motor vehicles upon highways or upon waters within the boundaries of this state shall be reimbursed in the amount of the tax so paid on such motor vehicle fuel as provided in this section. * * *"

In the instant cause, the taxpayer, a licensed dealer in motor vehicle fuel, subsequent to the purchases, paid the fuel excise tax on the entire quantity. The taxpayer's use of approximately 82 percent of the fuel in motor vehicles which traversed public roadways subjected this portion of the fuel so utilized to the fuel excise tax. R. C. 5735.05. Being subject to the excise tax, this 82 percent was exempt from the sales tax. R. C. 5739.02(B)(6). On the remaining 18 percent the taxpayer was entitled to a refund of the fuel excise tax previously paid, the fuel having been used "* * * [for] any purpose other than the propulsion of motor vehicles upon highways * * *." R. C. 5735.14. This remaining 18 percent, however, is clearly subject to the use tax.[a]

---

[a]Approximately 18 percent of the total fuel was not used to propel motor vehicles on public highways and thus was not exempt from the use tax by R. C. 5739.02(B)(6). This 18 percent is a composite of 6.41 percent of the total fuel which was consumed in propelling non-

It will be noted that the 82 percent was exempt from the use tax according to R. C. 5739.02(B)(6) only because it was subject to the fuel excise tax. The 18 percent being exempt by its usage from the fuel excise tax, pursuant to R. C. 5735.14, is perforce denuded of the essential qualification under R. C. 5739.02(B)(6) to avoid the use tax. This 18 percent of taxpayer's motor vehicle fuel is not the "Sales [or, as herein, 'Uses'] of motor vehicle fuel upon * * * [the] *use* * * * of which in this state *a tax is imposed* by the law of this state * * *." (Emphasis added.) R. C. 5739.02(B)(6).

Apart from the preceding statutory analysis, the result was made *eminently* clear by the General Assembly's addition of the following provision to the exemption in R. C. 5739.02(B)(6):

"* * * [B]ut this exemption shall not apply to the sale of motor vehicle fuel on which a refund of said tax is allowable under section 5735.14 of the Revised Code; and the tax commissioner may deduct the amount of tax levied by this section applicable to the price of motor vehicle fuel when granting a refund of motor vehicle fuel tax pursuant to section 5735.14 of the Revised Code * * *."

Notwithstanding the unequivocal statutory directive, the board held that, where the fuel was purchased with the primary objective of using it in an exempt manner, i. e., propel motor vehicles on public highways, and none of it was earmarked for nonexempt uses at purchase, then the use of 18 percent of the fuel in nonexempt manners was merely incidental to the primary use so that the total purchases of fuel are exempt from the use tax. This erroneous conclusion by the board was the product of its appli-

---

highway vehicles and for heating and 11.79 percent of the total fuel which was used in the production of goods. The issue in this cause is only whether the 6.41 percent is subject to the use tax or exempt, pursuant to R. C. 5739.02(B)(6). The applicability or nonapplicability of the use tax to the 11.79 percent, as otherwise provided by statute, is not herein at issue. Thus, the opinion refers to this 18 percent of the total purchased fuel only insofar as R. C. 5739.02(B)(6) governs the applicability of the use tax to it.

cation of the primary use test as expressed in *Emery Industries* v. *Kosydar* (1975), 43 Ohio St. 2d 34. The primary use test has been limited in its application by this court solely to the confines of R. C. 5739.01. Not only would the expansion of this primary use test to R. C. 5739.02(B)(6) vitiate the clear statutory limitation of that exemption, but its application would be neither salutary nor rational. The primary use test has resulted from this court's attempt to define direct use in the production of tangible personal property. Whether R. C. 5739.02(B)(6) exempts a purchase or use from taxation is not dependent upon a determination of direct use.

Accordingly, the decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

P. Brown, acting C. J., Herbert, Celebrezze, W. Brown, Holmes and Sweeney, JJ., concur.

Holmes, J., of the Tenth Appellate District, sitting for Leach, C. J.