ARES, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Ares, Inc. *v.* Limbach (1990), 51 Ohio St. 3d 102.]

(No. 89-473—Submitted March 28, 1990—Decided May 23, 1990.)

*Baker & Hostetler* and *Kiehner Johnson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* R.C. 5733.061, during the relevant tax years, set forth the disputed credit:

"A credit shall be allowed against the tax imposed by Chapter 5733. of the Revised Code for each taxable year. The credit shall equal the lesser of the amount of tax otherwise due under such chapter or the difference between:

"(A) The tangible personal property taxes timely paid in the taxable year that were charged against engines, machinery, tools, and implements owned by the taxpayer, listed for taxation in this state under section 5711.16 of the Revised Code as used or designed to be used in refining or manufacturing, and acquired on or after January 1, 1978; minus

"(B) The taxes that would have been charged against such property and paid during such year had it been listed and assessed for taxation at twenty per cent of its true value." Am. Sub. H.B. No. 828 (137 Ohio Laws, Part II, 3500, 3502-3503).

R.C. 5711.16 provides:

"A person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing, refining, rectifying, or combining different materials with a view of making a gain or profit by so doing is a manufacturer. * * *

"* * * A manufacturer shall * * * list all engines and machinery, and tools and implements, of every kind used, or designed to be used, in refining and manufacturing, and owned or used by such manufacturer."

Ares argues that it is a manufacturer and entitled to the credit despite the commissioner's finding that it per-

formed only research and development and despite the BTA's finding that Ares misclassified its property when it listed the property for personal property taxation. The commissioner maintains that Ares is not eligible for the franchise tax credit because it did not list its property on the personal property tax return as equipment used in manufacturing or refining.

We hold that, for franchise tax year 1982, Ares may not claim the exemption because it did not list its property on the personal property tax return as equipment used in manufacturing. As for franchise tax years 1981 and 1983, we hold that Ares did not present sufficient evidence to show the manner of listing of its property and, thus, did not sustain its burden of proof.

The backdrop for this case, as in all cases where a taxpayer seeks a reduction in taxes, is the principle that taxation is the rule, and exemption is the exception. Since the reduction depends on legislative grace, the statute must clearly express the exemption, *Cleveland* v. *Bd. of Tax Appeals* (1950), 153 Ohio St. 97, 99-100, 41 O.O. 176, 178, 91 N.E. 2d 480, 482, paragraph one of the syllabus, and a taxpayer must show his entitlement to it, *Natl. Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E. 2d 648, paragraph two of the syllabus.

Under R.C. 5733.061, nevertheless, a corporation may claim the credit if it (1) acquired the property on or after January 1, 1978, (2) listed the property under R.C. 5711.16 as used or designed to be used in refining or manufacturing, and (3) timely paid the tangible personal property tax on it in the appropriate taxable year.

The BTA did not clearly rule on whether Ares was a manufacturer. In any event, Ares is a manufacturer.

Under R.C. 5711.16, a person who combines different materials with a view to making a gain or profit is a manufacturer. In *Eastern Machinery Co.* v. *Peck* (1953), 160 Ohio St. 144, 51 O.O. 57, 114 N.E. 2d 55, we held that a person who rebuilt or reconditioned unusable tools was a manufacturer. We noted, *id.* at 149-150, 51 O.O. at 60, 114 N.E. 2d at 57-58, that G.C. 5385 (now R.C. 5711.16) broadened the traditional definition of "manufacturer" or "manufacturing." We reasoned that "* * * articles which are manufactured or changed in any way either by combining them or adding thereto are entitled to the status of [manufactured personal property]." *Id.* at 150, 51 O.O. at 60, 114 N.E. 2d at 58. Under this case, thus, Ares is a manufacturer because it received sheet, bar, and tube steel products, added to their value by altering and combining them, and produced prototype weapons to earn a profit.

Nevertheless, a manufacturer does not automatically qualify for the disputed credit. The taxpayer must also list the property for taxation as used or designed to be used in manufacturing. R.C. 5711.01(D) defines "list" as:

"* * * [T]he designation, in a return, of the description of taxable property, the valuation or amount thereof, the name of the owner, and the taxing district where assessable."

Furthermore, R.C. 5711.02 requires each taxpayer to "truly and correctly list" all its taxable property on its return. R.C. 5711.21 states that "* * * the assessor shall be guided by the statements contained in the taxpayer's return * * *." Therefore, listing property on a return requires more than accumulating a list of property and writing it on a tax schedule. A taxpayer describes it and designates its value. This listing, which must be

correct, guides the commissioner in assessing the property.

Given the strict construction required of, and the strict compliance mandated for, exemption statutes, Ares did not list its property as used in manufacturing. Ares, at least in its 1981 personal property return, described itself as a researcher and developer and used a Class III designation to depreciate its property. A research and development laboratory would depreciate its property in this class. On the other hand, a weapon manufacturer, as is Ares, would depreciate using Class V. In the 1981 return, therefore, Ares described, and thus listed, its property as research and development property and not as manufacturing property. Consequently, for franchise tax year 1982, Ares does not qualify for the R.C. 5733.061 credit because it failed to satisfy a statutory condition for the credit.

As for the 1981 and 1983 franchise tax credits, Ares failed to establish its entitlement to the credits because it failed to show how it listed its personal property.

Accordingly, we affirm the decision of the BTA since it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.