**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 261.]**

VOUGHT INDUSTRIES, INC. ET AL., APPELLEES, *v*. TRACY, TAX COMMR., APPELLANT.

**[Cite as *Vought Industries, Inc. v. Tracy*, 1995-Ohio-18.]**

*Taxation—Franchise tax—R.C. 5733.06(E) does not apply to a corporation in reorganization under Section 1102, Title 11, U.S. Code.*

———————————

A corporation in reorganization under Section 1102, Title 11, U.S. Code is not equivalent to a corporation which has been adjudicated bankrupt or for which a receiver has been appointed; therefore, R.C. 5733.06(E), the exemption from the franchise tax imposed by R.C. 5733.01, does not apply to the corporation in reorganization.

———————————

(No. 94-175—Submitted February 22, 1995—Decided May 24, 1995.)

APPEAL from the Board of Tax Appeals, Nos. 91-H-119, 91-H-120, 91-H-121, 91-H-122, 91-H-123, 91-H-124, 91-H-126 and 91-H-127.

———————————

{¶ 1} The Tax Commissioner, appellant, challenges the Board of Tax Appeals' ("BTA's") decision to relieve eight LTV Corporation Ohio subsidiaries ("LTV subsidiaries"), appellees, from the corporation franchise tax while the LTV subsidiaries were reorganizing in Section 1100 *et seq.*, Title 11, U.S. Code ("Chapter 11"), bankruptcy proceedings. The franchise tax years involved are 1987, 1988, and 1989, but vary as to each LTV subsidiary.

{¶ 2} The LTV subsidiaries and LTV Corporation jointly filed Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York on July 17, 1986. During the relevant tax years, LTV Corporation continued to operate the subsidiaries as debtor in possession, and the

LTV subsidiaries held valid certificates authorizing their exercise of corporate privileges in Ohio.

{¶ 3} For the tax years in issue, the LTV subsidiaries paid the minimum franchise tax of fifty dollars because they interpreted R.C. 5733.06(E) to excuse all but the minimum tax. The commissioner, after auditing the returns and conducting a departmental review, rejected the LTV subsidiaries' exemption claim and issued assessments for both taxes and interest.

{¶ 4} The LTV subsidiaries appealed to the BTA, which reversed the commissioner's orders. The BTA reasoned that "adjudicated bankrupt," as used in R.C. 5733.06(E), was a term which encompassed both liquidation and reorganization judicial proceedings; therefore, the LTV subsidiaries had in effect been "adjudicated bankrupt." The BTA also reasoned that reorganization proceedings are an outgrowth of and a functional equivalent to federal equity receivership proceedings. Thus, LTV Corporation's status as "debtor in possession" was the functional equivalent of having a receiver appointed for the businesses. Finally, the BTA concluded that the LTV subsidiaries were impaired under the bankruptcy filing because LTV Corporation needed court approval to conduct some aspects of its business.

{¶ 5} The cause is now before this court upon an appeal as of right.

———————————

*Jones, Day, Reavis & Pogue, Roger F. Day* and *Laura A. Kulwicki*, for appellees.

*Betty D. Montgomery, Attorney General*, and *Richard C. Farrin*, Assistant Attorney General, for appellant.

———————————

**COOK, J.**

{¶ 6} In this case, we are presented with the issue of whether a corporation involved in Chapter 11 bankruptcy proceedings is equivalent to either having a

receiver appointed for it or having been "adjudicated bankrupt," so that it qualifies for exemption under R.C. 5733.06(E) and need pay only the minimum franchise tax. For the reasons that follow, we answer that question in the negative.

{¶ 7} At the outset we note that federal law does not preclude the taxation of corporations in bankruptcy. 3A Collier on Bankruptcy (14 Ed. 1975) 1517-1518, Section 62.14(3). Taxation or exemption of corporations in bankruptcy, therefore, is a matter of state law.

{¶ 8} The statute that controls this case is R.C. 5733.06(E)[1], which states:

"No tax shall be charged from any corporation which has been adjudicated bankrupt, or for which a receiver has been appointed, or which has made a general assignment for the benefit of creditors, except for the portion of the then current tax year during which the tax commissioner finds such corporation had the power to exercise its corporate franchise unimpaired by such proceedings or act. The minimum payment for all corporations shall be fifty dollars."

{¶ 9} The LTV subsidiaries contend that R.C. 5733.06(E) defines a subject of taxation and should be construed strictly in favor of the taxpayer. *Zalud Oldsmobile, Inc. v. Limbach* (1994), 68 Ohio St.3d 516, 519, 628 N.E.2d 1382, 1385. The commissioner argues that division (E) is an exemption from taxation; therefore, it should be strictly applied in favor of taxation. *Ares, Inc. v. Limbach* (1990), 51 Ohio St.3d 102, 104, 554 N.E.2d 1310, 1312.

{¶ 10} The franchise tax is imposed by R.C. 5733.01 on all corporations organized for profit for the privilege of doing business in Ohio, owning or using part or all of their capital or property in Ohio, or holding a certificate of compliance with the laws of Ohio authorizing them to do business in Ohio during the year in which the fee is payable. R.C. 5733.06 establishes the rate of the tax that is to be

---

1. Former R.C. 5733.06, applicable during the tax years in question, was, in relevant part, substantially identical to the current section.

charged corporations subject to the franchise tax. Before 1925, when the General Assembly originally enacted the predecessor to R.C. 5733.06 (G.C. 5495, 111 Ohio Laws 471, 472, effective July 20, 1925), corporations in bankruptcy or receivership were subject to the franchise tax. See *Guardian Sav. & Trust Co. v. Templar Motors Co.* (1927), 116 Ohio St. 95, 155 N.E. 691; *Gerke Brewing Co. v. Kuerze* (1916), 7 Ohio App. 37. With the enactment of the statute, corporations in bankruptcy or under receivership were exempted from the franchise tax.

{¶ 11} Divisions (A), (B) and (C) of R.C. 5733.06 set forth the general method for calculating the tax charged corporations doing business in Ohio. Division (E) allows a corporation which meets its definition to pay the minimum fee of fifty dollars and exempts that corporation from the general provisions of divisions (A), (B) and (C). Thus, we hold that R.C. 5733.06(E) sets forth an exemption from the franchise tax imposed by R.C. 5733.01, rather than defining a subject of taxation. "[T]axation is the rule, and exemption is the exception. Since the reduction depends on legislative grace, the statute must clearly express the exemption, *Cleveland v. Bd. of Tax Appeals* (1950), 153 Ohio St. 97, 99-100, 41 O.O. 176, 178, 91 N.E.2d 480, 482, paragraph one of the syllabus, and a taxpayer must show his entitlement to it, *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraph two of the syllabus." *Ares* at 104, 554 N.E.2d at 1312.

{¶ 12} Both the LTV subsidiaries and the commissioner agree that the language of R.C. 5733.06(E) is clear. An exemption from the franchise tax for a corporation occurs when one of the following applies:

(1) a corporation has been adjudicated bankrupt,

(2) a receiver has been appointed for the corporation, or

(3) the corporation has made a general assignment for the benefit of creditors. Further, the exemption does not apply to any portion of a tax year during

which the corporation's power to exercise its corporate franchise was unimpaired by the above enumerated legal restraints.

{¶ 13} LTV subsidiaries claim, however, that ambiguity exists in R.C. 5733.06(E) because if the court literally interpreted the statute's plain terms, the exemption would no longer apply to any corporation, as the literal conditions for exemption have no modern-day relevance. First, LTV subsidiaries contend that because no one is "adjudicated bankrupt" under the federal Bankruptcy Code enacted in 1978, 92 Stat. 2549, Title 11, U.S. Code, that term is rendered ambiguous. Because of the ambiguity, R.C. 5733.06 must be construed in light of the General Assembly's intent at the time of the statute's enactment. That intent, LTV subsidiaries claim, was to exempt any corporation involved in either a bankruptcy proceeding or a receivership. LTV subsidiaries argue that because reorganizations were accomplished through the federal Bankruptcy Act of 1898, the term "adjudicated bankrupt" by inference includes both liquidation and reorganization proceedings.

{¶ 14} The commissioner concedes that R.C. 5733.06 needs to be construed, in so far as the term "adjudicated bankrupt" has been replaced by the term "order for relief" and no one is adjudicated bankrupt under the current federal bankruptcy law. See Section 301, Title 11, U.S. Code. The commissioner, however, contends that "adjudicated bankrupt" applies only to corporations for which an order for relief has been granted in a liquidation proceeding.

{¶ 15} Until the 1933 and 1934 federal Bankruptcy Acts, bankruptcy was primarily a mechanism of liquidation rather than reorganization. 5 Collier on Bankruptcy (15 Ed. 1994) 1100A-25, Section 1100A.03. Prior to those Acts, no provision was specifically designed for reorganizing a debtor corporation. Id. at 1100A-23. Under the 1933 and 1934 Bankruptcy Acts, corporate reorganizations were accomplished through Sections 77 and 77B of Chapter 8. Section 77(B) specifically stated that upon approval of the petition for reorganization under

Section 77, an adjudication of bankruptcy would not be rendered. 48 Stat. 912. Only where the reorganization failed and the proceedings were converted into a liquidation proceeding was an adjudication of bankruptcy entered. Section 77B(c)(8); Sections 236 and 238, Chapter 10, Bankruptcy Act of 1938, 52 Stat. 899-900. Thus, in construing R.C. 5733.06(E), we find the term "adjudicated bankrupt" specifically means a corporation which has been liquidated in a bankruptcy proceeding. As the LTV subsidiaries were not in liquidation proceedings, they were not "adjudicated bankrupt" for purposes of R.C. 5733.06.

{¶ 16} LTV subsidiaries next assert that the terms "equitable receivership" and "general assignment for the benefit of creditors" have both, for all practical purposes, been replaced by the federal bankruptcy laws and are thus obsolete. LTV subsidiaries contend that those terms must also be construed so that R.C. 5733.06 is not rendered meaningless. A debtor in possession, the current method for Chapter 11 reorganization, is the evolutionary successor to a receiver and is its equivalent; therefore, under LTV subsidiaries' interpretation of the General Assembly's intent, the subsidiaries qualified for the exemption while involved in Chapter 11 proceedings.

{¶ 17} The commissioner asserts that the plain language of the statute precludes relief for the LTV subsidiaries. Pointing to Ohio statutes which employ provisions relating to receiverships and assignments for the benefit of creditors, R.C. Chapter 1313 and Chapter 2735, the commissioner argues that those terms do not need to be construed, as the terms presently have meaning. We agree with the commissioner.

{¶ 18} The first rule of statutory construction is that a statute which is clear is to be applied, not construed. "There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for." *State ex rel. Foster v. Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E. 265, paragraph eight of the syllabus.

Our obligation is to apply the statute as written. *R.W. Sidley, Inc. v. Limbach* (1993), 66 Ohio St.3d 256, 257, 611 N.E.2d 815, 817.

{¶ 19} Contrary to what LTV subsidiaries assert, R.C. 5733.06 is not rendered meaningless if it is not applied to corporations in Chapter 11 reorganizing proceedings. Unlike the term "adjudicated bankrupt," Ohio law presently provides for "appointment of receivers" in R.C. 2735.01(E) for corporations under specific circumstances.

{¶ 20} The Ohio General Assembly has considered and amended R.C. 5733.06 numerous times since the adoption of the current federal Bankruptcy Code without altering the conditions for exemption. The General Assembly has the power to grant a tax exemption and has chosen not to clearly express an exemption for corporations reorganizing under Chapter 11. The plain meaning of R.C. 5733.06 compels us to hold that a corporation in reorganization under Section 1102, Title 11, U.S. Code is not equivalent to a corporation which has been adjudicated bankrupt or for which a receiver has been appointed; therefore, R.C. 5733.06(E), the exemption from the franchise tax imposed by R.C. 5733.01, does not apply to the corporation in reorganization.

{¶ 21} The decision of the BTA, being unreasonable and unlawful, is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS and F.E. SWEENEY, JJ., concur.

WRIGHT, RESNICK and PFEIFER, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 22} I respectfully dissent from the majority holding that the LTV Ohio subsidiaries do not qualify for exemption from the franchise tax during the period of their Chapter 11 reorganization proceedings. To hold, as the commissioner and majority have, that exemption is unavailable since LTV subsidiaries have not

technically been "adjudicated bankrupt," have not technically had a receiver appointed, and have not technically made a general assignment for the benefit of their creditors is to ignore the obvious intention of the legislature to provide franchise tax exemption to financially distressed corporations. The foregoing bankruptcy determinations, *i.e.*, adjudged bankrupt, appointment of a receiver or general assignment for the benefit of creditors, have become obsolete by the reorganization provisions of the current federal Bankruptcy Code. The bankruptcy laws have evolved so that today no corporation is adjudicated bankrupt or has a receiver appointed. Unless the court interprets this provision in light of the evolution of the bankruptcy laws, R.C. 5733.06(E) has no application today.

{¶ 23} The LTV Ohio subsidiaries argue compellingly to apply R.C. 5733.06 to their status as a debtor in possession. Their status is a direct descendent of a receiver in equity in reorganizing its business. A review of the history of the bankruptcy laws discloses this fact. This court has consistently read Ohio statutes in context with a federal scheme to interpret other Ohio statutes. See *Ohio Chamber of Commerce v. State Emergency Response Comm.* (1992), 64 Ohio St.3d 619, 624-625, 597 N.E.2d 487, 491.

{¶ 24} The majority holds that the LTV Ohio subsidiaries have not been adjudicated bankrupt, nor has a receiver been appointed for them. Hence, strict construction of R.C. 5733.06(E) would require denial of the LTV Ohio subsidiaries' exemption claim.

{¶ 25} However, if the majority's reasoning were followed, the statute would not apply to any corporation under today's Bankruptcy Code. Perhaps the term "adjudicated bankrupt" could refer to a liquidation pursuant to an order for relief and the receivership language refers to Ohio's receivership process. However, this tortured interpretation underscores the ambiguity which it presents, and if part of R.C. 5733.06(E) is ambiguous, perhaps the better result is to conclude that the entire statute is ambiguous and in need of interpretation.

{¶ 26} According to R.C. 1.47:

"In enacting a statute, it is presumed that:

"***

"(B) The entire statute is intended to be effective;

"***

"(D) A result feasible of execution is intended."

{¶ 27} Thus, this court must presume that the General Assembly intended these terms to continue to have some effect, especially in view of the fact that R.C. 5733.06 itself has been amended numerous times, but the provisions at issue have not been substantially altered. See History of R.C. 5733.06 and G.C. 5499, appearing in Page's Ohio Revised Code Annotated and Ohio General Code Annotated.

{¶ 28} Furthermore, under R.C. 1.49(A), the court, in determining the intention of the General Assembly in reviewing an ambiguous statute, may consider "[t]he object sought to be attained ***." In determining the object sought to be accomplished, it becomes increasingly clear that R.C. 5733.06(E) must be held applicable to the corporate reorganizations of today. Corporate reorganizations are utilized for a variety of goals, rather than purely financial purposes. The BTA correctly pointed this out: "They [corporate reorganizations] are increasingly successful, and there may be an increased incidence of corporate reorganizations. Where does the public interest presently lie, [if not] with the protection of creditor's interests and fostering of corporate reorganizations by forgoing the levy of franchise tax or the revenue needs of the state. The ultimate benefit to the state from the rehabilitation of corporate taxpayers may well outweigh the amount of tax forgone. Such considerations and others, suggest that the General Assembly might well review and consider the exemption now granted by R.C. 5733.06(E)."

{¶ 29} According to R.C. 5733.06(E), a corporation is not charged tax "except for the portion of the then current tax year during which the tax

commissioner finds such corporation had the power to exercise its corporate franchise unimpaired by" an adjudication in bankruptcy or appointment of a receiver or a general assignment for the benefit of creditors.  According to Black's Law Dictionary (6 Ed.1990) 752, to "impair" means: "[t]o weaken, to make worse, to lessen in power, diminish or relax, or otherwise affect in an injurious manner."  As the BTA concluded, the LTV Ohio subsidiaries' power to operate their businesses was lessened or weakened or diminished by their need to ask the court for permission to perform many of their functions.  The BTA correctly concluded that the LTV Ohio subsidiaries were impaired during the pendency of the reorganization.

**{¶ 30}** I would affirm the BTA's findings that the Chapter 11 reorganization proceedings are essentially receivership proceedings with the taxpayers as debtors in possession and that the exercise of the taxpayers' corporate franchises is impaired by such proceedings.  As a result, LTV Ohio subsidiaries should be exempt from the franchise tax during the years at issue.

WRIGHT and PFEIFER, JJ., concur in the foregoing dissenting opinion.

———————————