LAKEFRONT LINES, INC., APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Lakefront Lines, Inc. v. Tracy* (1996), 75 Ohio St.3d 627.]

(No. 95–1216—Submitted February 1, 1996—Decided June 26, 1996.)

*Leonard A. Carlson,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellee.

---

*Per Curiam.* We hold that Lakefront specified all the errors it claims, but we rule that motor fuel used for air conditioning and idle time is used for the propulsion of or driving motor vehicles upon public highways. Thus, we hold that R.C. 5735.14 does not exempt the fuel consumed for these uses from the motor fuel tax.

First, as to raising the issue of idling consumption, Lakefront supported some of its applications for refund with calculations that included refund amounts for fuel used while the buses were idling. Furthermore, in paragraphs 11 and 12 of its notices of appeal to the BTA, Lakefront claims that the commissioner failed to distinguish between fuel used to propel the motor vehicle and fuel used to operate the motor vehicle while stationary. Lakefront thus set forth its claim for refund for idling in its applications and specified the commissioner's denial of this as error under R.C. 5717.02.

Next, as to the merits of the exemption, R.C. 5735.05(A) levies "an excise tax * * * on all dealers in motor vehicle fuel upon the use, distribution, or sale within the state by them of motor vehicle fuel" to, among other purposes, "distribute equitably among those persons using the privilege of driving motor vehicles upon such highways and streets the costs of maintaining and repairing them." A user of motor vehicle fuel may seek a refund of the tax paid under R.C. 5735.14:

"Any person who uses any motor vehicle fuel, on which the tax imposed by section 5735.05 of the Revised Code has been paid, for * * * any purpose other than the propulsion of motor vehicles upon highways * * * of this state, shall be reimbursed in the amount of the tax so paid on such motor vehicle fuel as provided in this section * * *."

Lakefront relies for support on *Shafer v. Glander* (1950), 153 Ohio St. 483, 41 O.O. 490, 92 N.E.2d 601. In *Shafer*, the court exempted fuel consumed by highway builders to propel vehicles used to build and repair highways. The vehicles did not convey freight or passengers on highways. The *Shafer* court, in paragraph two of the syllabus, stated:

"The use of diesel oil is exempt from the excise tax except where such oil is used for the purpose of generating power for the *driving or propulsion* of motor vehicles on the public highways." (Emphasis added.)

After declaring this refund provision to be an exemption, the *Shafer* court then applied an inappropriate principle in analyzing the exemption. It declared that "[a]ny ambiguity in a law imposing a tax shall be resolved in favor of the taxpayer." *Id.*, paragraph three of the syllabus.

However, we apply this interpretive principle when an ambiguous statute defines a subject of taxation. *Zalud Oldsmobile, Inc. v. Limbach* (1994), 68 Ohio St.3d 516, 628 N.E.2d 1382. For statutes that exempt items from taxation, the type of statute at issue in *Shafer* and here, we strictly apply the statute against the exemption. *Vought Industries, Inc. v. Tracy* (1995), 72 Ohio St.3d 261, 264, 648 N.E.2d 1364, 1366. "[T]axation is the rule, and exemption is the exception. Since the reduction depends on legislative grace, the statute must clearly express the exemption, *Cleveland v. Bd. of Tax Appeals* (1950), 153 Ohio St. 97, 99–100, 41 O.O. 176, 178, 91 N.E.2d 480, 482, paragraph one of the syllabus, and a taxpayer must show his entitlement to it, *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraph two of the syllabus." *Ares, Inc. v. Limbach* (1990), 51 Ohio St.3d 102, 104, 554 N.E.2d 1310, 1312. See, also, *Kroger Co. v. Lindley* (1978), 56 Ohio St.2d 138, 141, 10 O.O.3d, 319, 320, 382 N.E.2d 1359, 1361, which also calls the R.C. 5735.14 refund an exemption from the fuel excise tax. Since R.C. 5735.14 exempts fuel from the fuel excise tax, we strictly apply its terms.

The *Shafer* court concluded that the General Assembly, in levying this tax on the use of motor fuel, intended "to distribute the cost of road construction and repair equitably among those persons *using the privilege of driving motor vehicles upon such highways.*" (Emphasis *sic.*) 153 Ohio St. at 487, 41 O.O. at 492, 92 N.E.2d at 603. The *Shafer* court considered the definitions of "drive" and "propulsion." It did not regard these terms as "words of art" but words "to be given their generally understood meanings." 153 Ohio St. at 489, 41 O.O. at 493, 92 N.E.2d at 604.

While both terms connote, as the *Shafer* court stated, "forward movement," *id.*, these terms have more comprehensive meanings. Webster's Third New International Dictionary of the English Language (1986) 1820, defines "propulsion" as "2: the action of driving forward or ahead: action or process of propelling."

This same dictionary defines "propel" as "2: to impel forward or onward: push ahead by imparting motion: give motive power to: drive onward."

Of particular interest to us is this dictionary's definition, *id.* at 1817, of "drive": "*vt* * * * 2 * * * c: to operate the controls of (a locomotive) or to operate the mechanism and controls and direct the course of (as a motor vehicle or speedboat) * * * *vi* * * * 5 * * * b: *to operate and steer a motor vehicle.*" (Emphasis added.)

Thus, these definitions mean more than providing forward motion to a vehicle. They mean to operate and steer a motor vehicle. Included in operating the buses at issue is running their air conditioning equipment and idling the buses for the comfort of the passengers. Therefore, we hold that R.C. 5735.14 does not clearly state an exemption from the motor fuel tax for fuel used in operating a motor vehicle's air conditioning equipment or in idling the vehicle.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.