DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, which held that the portion of a rollover Individual Retirement Account ("IRA") that was funded by employer contributions and salary deferral contributions was not subject to Ohio estate tax. From that judgment, appellant the Tax Commissioner of Ohio, Thomas M. Zaino, appeals assigning the following as error:
"FIRST ASSIGNMENT OF ERROR
 The Lucas County Probate Court erred in finding that under R.C. 5731.09(A) (second sentence of second paragraph), the portion of the decedent's rollover IRA balance attributable to his employer's contributions to the Lublin, Sussman, Rosenberg, and Damrauer profit sharing trust and simplified employee pension plan — which had been removed and rolled over into his personal IRA, is excluded from the gross estate.
"SECOND ASSIGNMENT OF ERROR
 The Lucas County Probate Court erred in finding that the decedent's voluntary salary deferral contributions to the Lublin, Sussman, Rosenberg, and Damrauer profit sharing trust were employer contributions
"THIRD ASSIGNMENT OF ERROR
 The Lucas County Probate Court erred by not following the well established rules of statutory construction."
This case was submitted to the court below on the parties' joint stipulations of fact. Those stipulations of fact are summarized as follows. The decedent, Sam Rosenberg, was a partner with the public accounting firm of Lublin, Sussman, Rosenberg and Damrauer, LLP, until his retirement on September 30, 1987. During his employment, Rosenberg participated in the Lublin, Sussman, Rosenberg and Damrauer Profit Sharing Plan And Trust ("Profit Sharing Plan") and in the firm's Simplified Employee Pension Plan ("SEP"). In June 1990, Rosenberg opened Prudential Securities Account OKP-R12022-11 (the IRA). The account was created through a rollover distribution of $150,989.13 from the Profit Sharing Plan. Subsequently, in August 1996, Rosenberg closed Prudential Securities Account OKP-807006-11 and transferred the balance of $53,186.94 into his IRA. Prudential Securities Account OKP-807006-11 had consisted of funds from Rosenberg's SEP.
Rosenberg died on April 15, 1998. On that date, his IRA was valued at $244,075.69 and was composed of the following:
Voluntary Contribution Account $8,103.31
from the Profit Sharing Plan
Salary Deferral Contribution $95,189.52
Account from the Profit Sharing
Plan
Employer Contributions $140,782.86
On January 14, 1999, appellee the Estate of Sam Rosenberg filed an Ohio Estate Tax Return and paid $33,446.31 in estate taxes. The return included a Schedule I which excluded the IRA from the value of the gross estate, stating that pursuant to R.C. 5731.09 this account was not subject to estate tax. On April 19, 1999, the Tax Commissioner issued an Adjustment and Administrative Conference Notice, notifying the estate's counsel that the IRA was not exempt from estate taxes under R.C. 5731.09.
Subsequently, the Tax Commissioner issued a Certificate of Determination Of Ohio Estate or Additional Tax, listing an Ohio estate tax deficiency of $17,085.29. The estate then filed exceptions to the Certificate Of Determination in the court below asking that court for an order setting aside and expunging the portion of the deficiency assessment derived from $233,889 of the value of the IRA. The estate concedes that $8,103.31 of the IRA, representing Rosenberg's voluntary contributions to the profit sharing plan, is subject to Ohio estate tax.
On December 7, 2000, the lower court issued a judgment entry finding the estate's exceptions to the Certificate of Determination well-taken and holding that the portions of the IRA attributable to both the employer contributions and the salary deferral contributions were not to be included in the value of the gross estate for Ohio estate tax purposes. In reaching its holding, the lower court relied on a decision from the Miami County Court of Common Pleas, Probate Division, In theMatter of the Estate of Robert Lawrence Roberts, case No. 74038, which interpreted R.C. 5731.09 as exempting from the value of the gross estate for estate tax purposes an IRA that was funded by a rollover from employer contributions to an employer administered retirement program. In relying on Roberts, the lower court recognized that the Second District Court of Appeals had reversed the probate court's decision. SeeIn the Matter of the Estate of Robert Lawrence Roberts (Oct. 13, 2000), Miami App. No. 2000 CA 15, unreported. Nevertheless, the lower court found the court of appeals decision in Roberts to be "not persuasive and distinguishable." Appellant Thomas M. Zaino, the Tax Commissioner of Ohio, now appeals the trial court's judgment.
The assignments of error raised by appellant are interrelated and require us to determine whether, pursuant to R.C. 5731.09, Rosenberg's IRA or a portion thereof should be included in his taxable estate. The version of R.C. 5731.09(A) in effect on April 15, 1998, the date of Rosenberg's death, reads as follows:
 "(A) Except as provided in division (B) of this section, the value of the gross estate includes the value of an annuity or other payment receivable by a beneficiary by reason of surviving the decedent under any form of contract or agreement under which an annuity or similar payment was payable to the decedent, or the decedent possessed the right to receive such annuity or payment, either alone or in conjunction with another, for his life or for any period not ascertainable without reference to his death, or for any period which does not in fact end before his death.
 "However, the value of the gross estate includes only such part of the value of the annuity or other payment receivable under the contract or agreement as is proportionate to
 that part of the purchase price of the contract or agreement contributed by the decedent. The value of the gross estate does not include the part of the value of the annuity or other payment as is proportionate to the part of the purchase price of the contract or agreement contributed by the employer or former employer of the decedent, whether to an employee's trust or fund forming part of a pension, annuity, retirement, bonus, or profit-sharing plan or otherwise, if the contributions were made by reason of the decedent's employment. (Emphasis added.)
The emphasized portion of the statute is the language that is at issue in this case.
Although the parties have gone to great lengths to discuss the legislative history of R.C. 5731.09 and the applicability of federal taxing statutes and ERISA laws in construing the meaning of the statute, their arguments can be summarized as follows. The commissioner argues that the IRA is not exempt from estate tax because it was not established by Rosenberg's employer. That is, the form of the funds controls whether or not the exemption applies. In contrast, the estate asserts that because the IRA was established with funds that were originally contributed by Rosenberg's employer, the IRA is exempt. That is, the source of the funds controls the applicability of the exemption.
It is well-established that in construing a statute, the court must "first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." Roxane Laboratories, Inc. v. Tracy (1996), 75 Ohio St.3d 125,127. Only where the language used is ambiguous will the court look to principles of statutory construction to discern a statute's meaning. When dealing with a statute that imposes a tax, strict construction of the statute is required, "and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed." Gulf Oil Corp. v. Kosydar (1975), 44 Ohio St.2d 208, paragraph one of the syllabus. Where, however, a statute exempts items from taxation, courts are to strictly construe the statute against the exemption. Lakefront Lines, Inc. v. Tracy (1996), 75 Ohio St.3d 627,629. "Taxation is the rule, and exemption is the exception. Since the reduction depends on legislative grace, the statute must clearly express the exemption, Cleveland v. Bd. of Tax Appeals (1950), 153 Ohio St. 97,99-100, * * * and a taxpayer must show his entitlement to it, Natl. TubeCo. v. Glander (1952), 157 Ohio St. 407, paragraph two of the syllabus."Ares, Inc. v. Limbach (1990), 51 Ohio St.3d 102, 104.
In our view, R.C. 5731.09(A) is ambiguous. Although the statute purports to exclude from the value of a gross estate certain employer contributions to an employee's retirement fund, it is not clear whether those contributions remain exempt from inclusion in a decedent's estate once they have been rolled over into an employee controlled retirement plan. It is also not clear if the language "pension, annuity, retirement, bonus, or profit-sharing plan or otherwise" includes IRAs or SEPs.
Given this ambiguity, we must determine whether the statute is a taxing statute or an exemption statute. For the following reasons we conclude that the second paragraph of R.C. 5731.09(A) is an exemption statute which must be strictly construed against the exemption.
Although the first paragraph and the first sentence of the second paragraph of R.C. 5731.09(A) create a taxing provision by stating that specified portions of certain retirement plans are to be included in the gross estate, the second paragraph of R.C. 5731.09(A) expressly states that the value of the gross estate "does not include" specified portions of certain retirement plans. In In re Estate of White (1986),25 Ohio St.3d 355, the Supreme Court of Ohio determined that separate portions of a statute could create taxing and exemption provisions. In reaching this conclusion, the court focused on the use of terms such as "excludes" to create an exemption statute. In our view, the term "excludes" is synonymous with the phrase "does not include." Accordingly, the second sentence of the second paragraph of R.C. 5731.09(A) creates a tax exemption that must be strictly construed against the taxpayer. Because it is not clear from the face of the statute that Rosenberg's IRA, created through a rollover of funds from the Profit Sharing Plan and SEP, is exempt from taxation, we must conclude that it is subject to estate taxes. This is the same conclusion reached by the Second District Court of Appeals in Roberts.
Accordingly the trial court erred in ruling that the portions of the IRA attributable to both the employer contributions and the salary deferral contributions were not to be included in the value of the gross estate for Ohio estate tax purposes and the three assignments of error are well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is reversed and remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., CONCUR.